[No. 2516]

ETTA M. SMITH AND GEORGE F. SMITH, AS HER HUSBAND, RESPONDENTS, *v.* NORTH AMERICAN ACCIDENT INSURANCE COMPANY (A COR- PORATION), APPELLANT.

[205 Pac. 801]

1. INSURANCE—GENERAL ALLEGATION OF PERFORMANCE OF CONDI- TION PRECEDENT IS SUFFICIENT AGAINST DEMURRER.

    In an action on an accident insurance policy, a general averment that plaintiff had done all things necessary to perfect her claim against the defendant and had demanded payment, which the company refused to make, is sufficient pleading of performance of the conditions precedent as against a general demurrer.

2. INSURANCE—PARTIES TO ACCIDENT POLICY CAN STIPULATE WHAT REPRESENTATIONS SHALL BE MATERIAL WITHOUT MAKING THEM WARRANTIES.

    The law does not forbid parties to a contract for accident insurance, as it does in life insurance, to determine what facts or representations shall be deemed material, and that may be done without putting the representations on a foot- ing with warranties.

3. INSURANCE — WHETHER PARTIES HAVE MADE STATEMENTS IN APPLICATION MATERIAL TO RISK IS QUESTION FOR COURT.

    Whether the parties to an accident insurance contract have made statements in the application, which became a part of the policy, material to the risk, is a question of law for the court to be determined by an interpretation of the contract, resolving any doubt in favor of the insured.

Points decided

4. INSURANCE—MATERIALITY OF REPRESENTATIONS DEPENDING ON INFERENCES FROM FACTS IS FOR THE JURY.

Where the determination of the materiality of representations or statements in an application for insurance depends upon inferences to be drawn from facts and circumstances proved, the question of materiality is one for the jury.

5. INSURANCE—PUTTING REPRESENTATIONS IN FORM OF ANSWERS TO QUESTIONS INDICATES THEY ARE MATERIAL.

Where the statements in an application for accident insurance are in the form of written answers made to written questions, the form indicates that the parties deem the matter inquired about to be material. ·

6. INSURANCE—APPLICATION FOR ACCIDENT INSURANCE HELD TO MAKE REPRESENTATIONS AS TO DISEASE MATERIAL.

Where an application for accident insurance contained statements in the form of answers to questions which the parties stipulated should bar recovery under the policy if the statements were false and were material to the acceptance of the risk or the hazard assumed, or made with intent to deceive, the false answer that applicant was not afflicted with tuberculosis was material as a matter of law, and defeats recovery on the policy.

7. INSURANCE—APPLICANT MUST FAIRLY ANSWER QUESTIONS.

An applicant for accident insurance should observe the utmost good faith, deal honestly and fairly with the company as to all material facts inquired about in the application as to which he had or should be presumed to have had knowledge, and make a full answer without evasion, suppression, misrepresentation, or concealment of material facts.

8. INSURANCE—ISSUANCE OF POLICY WAIVES INCOMPLETE ANSWER IN APPLICATION.

Where a question appears on the face of an application for insurance not to be answered at all or to be incompletely answered, and insurer issues policy without further inquiry, it thereby waives the incompleteness of, or failure to, answer.

9. INSURANCE—QUESTION AS TO DISEASES NOT MENTIONED HELD TO INCLUDE SPECIFIC DISEASES NOT COMPLETELY DISCLOSED.

Where one question in an application for accident insurance inquired about several diseases and was answered merely by a statement as to certain disability, a subsequent question, as to whether the applicant had any disease except as therein stated, was not limited to diseases not included in the preceding question, so as to render the policy valid on the theory that the answer to the former question was incomplete only and that the negative answer to the latter question was correct, though applicant was suffering from one of the enumerated diseases.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

Action by Etta M. Smith and her husband against the North American Accident Insurance Company. Judgment for plaintiffs, and defendant appeals. **Reversed. Petition for rehearing denied.**

*Frederick L. Berry,* for Appellant:

The judgment should be reversed. This is a case where the applicant deliberately misled the insurer; and, although juries and courts are not favorably inclined toward insurance companies, where a flagrant injustice has been done, due and faithful consideration should be given to the facts and the law applicable thereto.

"The application for insurance being considered as a part of the policy, it follows that the policy will be avoided where the applicant has made in his application false statements as to matters material to the risk, such as the mental and physical condition of the applicant, his state of health, his age, occupation, salary or earning capacity, or the existence vel non of other insurance." 1 C. J. 420. "Where a copy of the application is set out in the policy, it is the duty of the insured to know that the representations therein contained, and which constitute the inducement for the issuance of the policy, are true." Bonewell v. North American A. I. Co., 167 Mich. 274. Representations are distinguishable from warranties; the latter must be literally fulfilled. Van Cleave v. Union Gas Co., 82 Mo. App. 668.

Where the insurer is insuring against injury and death by accident, the physical endurance and resistance of the applicant becomes most material. As a matter of law, a misrepresentation as to age is so far material that it bars the right of recovery. 2 Joyce, Ins., 2d ed., par. 1992; U. B. M. A. Soc. v. White, 100 Pa. St. 12; Hunt v. S. C. C. F., 64 Mich. 671.

Suppression of the facts constitute a fraud on the part of the applicant, which is and continues to be enforced and voidable. Maddox v. S. M. L. Ins. Assn., 6 Ga. App. 681; Westphal v. Metropolitan L. I. Co., 151

Pac. 169; 3 Joyce, Ins., par. 2002; Conn. Ins. Co. v. Trust Co., 112 U. S. 250.

If representations are calculated to mislead or deceive, they are material. Babbit v. L. L. & G. Ins. Co., 66 N. C. 70; 3 Joyce, Ins., 3d ed., sec. 1896; Hoffman v. Legion of Honor, 35 Fed. 252. What is material to the risk must be truly represented. Tyree v. Virginia F. & M. Ins. Co., 55 W. Va. 63; Nicoll v. Amer. Ins. Co., Fed. Cas. 10259. "A positive representation of a material fact must be full and true, and if it is evaded and not full and complete and materially untrue, the policy is avoided." 3 Joyce, Ins., 2d ed., par. 1927. Moses v. Delaware Ins. Co., Fed. Cas. 5782; Carpenter v. Amer. Ins. Co., Fed. Cas. 2248; Storey v. Union Ins. Co., 15 Am. Dec. 634.

The test is, Did the fact represented or misrepresented operate to induce the insurer to accept the risk? If it offers a false inducement, whereby the insurer is misled or deceived, the representation or misrepresentation is material. 3 Joyce, Ins., 2d ed. 1892; Haapa v. Metropolitan L. I. Co., 150 Mich. 467.

"Where a copy of the application is set out in the policy, it is the duty of the insured to know that the representations therein contained, and which constitute the inducement for the issuance of the policy, are true." 1 C. J. 420; Bonewell v. North American A. I. Co., 167 Mich. 274; Maryland Casualty Co. v. Morrow, 52 L. R. A. (N.S.) 1213.

*Sardis Summerfield,* for Respondent:

In all contracts of insurance where the statements contained in the application for insurance which are material to the risk or hazard assumed by the insurer are made the basis of the contract of insurance the interrogative statements of the insurer are as much a part of the contract of insurance as are the statements in reply thereto. "It is undoubtedly competent for the parties to decide for themselves and beforehand what facts or representations shall be deemed material, and

when they have so agreed, the agreement precludes all inquiry upon the subject." Gerhauser v. N. B. & M. Co., 7 Nev. 174; Phœnix Ins. Co. v. Raddin, 30 U. S. L. Ed. 646; 1 Bacon, L. & A. Ins., 4th ed., sec. 263; 2 Clement, Fire Ins. 21; 3 Joyce, Ins., 2d ed., 3086.

Where materiality has not been fixed by contract, or where or when it is not obvious from an inspection of the pleadings or from the undisputed evidence, it is a question for the jury to determine. Insurance Co. v. Zeitinger, 48 N. E. 179; Lander v. Safety Ins. Co., 42 Atl. 916; Davis v. Ætna Ins. Co., 39 Atl. 902; Beosk v. Ins. Co., 78 N. Y. Supp. 748; Garrison v. Ins. Co., 28 Atl. 8; Conn. Ins. Co. v. Colo. Co., 116 Pac. 154; 2 Clement, Ins. 21; 5 Joyce, Ins. 6067.

"Where upon the face of the application a question appears to be not answered at all, or to be imperfectly answered, and the insurers issue a policy without further inquiry, they waive the want or imperfection in the answer, and render the omission to answer more fully immaterial." Phœnix L. I. Co. v. Raddin, 120 U. S. 183; Ætna L. I. Co. v. France, 91 U. S. 23; Manhattan L. I. Co. v. Willis, 60 Fed. 242; Hall v. People's Ins. Co., 6 Gray, 185; Carson v. Jersey Ins. Co., 54 N. J. L. 300; Armenia Ins. Co. v. Paul, 106 Pa. St. 520; Lorillard Ind. Co. v. McCullough, 21 Ohio St. 176.

If the insured fairly states or represents an honest opinion or belief, it is not such misrepresentation as will void the policy, when the statement does not amount to a warranty. 2 Clement, Ins. 20; Mutual Ins. Co. v. Gordon, 12 N. E. 747; Susquehanna Ins. Co. v. Staats, 102 Pa. St. 525; Fisher v. Crescent Ins. Co., 33 Fed. 544.

"There can be no concealment predicated on an unanswered question in a written application, accepted by the insurance company, or if in making inquiries the company does not question the insured upon the specific matter or as to matter not covered by an incomplete, ambiguous or uncertain answer." 2 Clement,

Ins. 5; Parker v. Otsego Ins. Co., 62 N. Y. Supp. 190; Short v. Home Ins. Co., 90 N. Y. 16; Clawson v. Citizens' Ins. Co., 121 Mich. 591. Warranties are not favored in law. Masons Union Co. v. Brodemon, 50 N. E. 493; Modern Woodmen v. Shyrock, 12 Cush. 416; Daniels v. Hudson Ins. Co., 12 Cush. 416; Vose v. Eagle Ins. Co., 6 Cush. 47.

"A policy of accident insurance must, if possible, be so construed as to give effect to all of the language used. Unless a statement amounts to a warranty, the general rule is that a policy of accident insurance is not avoided by a false or erroneous statement not material to the risk. Statements by the insured in his application, whether regarded as warranties or merely as representations, should be given a reasonable interpretation, and not be strictly construed against the insured in order to defeat the policy. The materiality or truth of the statements in the application is usually a question for the jury to determine. Statements in the application expressing the applicant's understanding of what will be the effect of the insurance are statements of law and not of fact, and hence cannot control the legal construction of the policy afterward issued and accepted. It is well settled as a general rule that a policy of accident insurance is to be liberally construed as against the insured, although strictly construed against the insurer." 1 C. J. 397–518.

By the Court, SANDERS, C. J.:

This action was brought to recover $1,878 on an accident insurance policy for the death of A. C. Webb, who, while in the performance of his duties as a mail-carrier in the employ of the United States postal service, on the 14th day of February, 1920, sustained an injury on an elevator being operated in the Odd Fellows Building, in the city of Reno, which injury necessitated the amputation of his left foot, below the knee. The operation was performed on the day after the injury, and within a few hours thereafter the insured died.

The complaint alleges the making of the policy; that the plaintiff Etta M. Smith is the daughter of the insured, and the beneficiary (her husband, George F. Smith, is made a party pro forma) ; the consideration paid for the policy; the agreement to pay the principal sum of $1,700, the sum of $25 for the surgical operation, and the further sum of 1 per cent of the principal amount for each consecutive month for which the insurance should be carried without default in the payment of the annual premium, and not exceeding 60 per cent of said principal sum; that the plaintiff had caused to be done all things necessary to perfect her claim and claims against the defendant for the recovery of the benefits accruing by reason of the contract of insurance; that the benefits accruing from the 1 per cent of the principal sum amounted to $153; that she demanded from the defendant payment of the amounts specified, a total of $1,878, which was refused; that the defendant owed her said sum, and she demands judgment therefor.

1. The defendant demurred to the complaint, upon the ground that it is not a sufficient pleading of conditions precedent, in that it does not appear therefrom that a request or demand was ever made upon the defendant for the sum for which judgment is demanded. The general averment that the plaintiff had done all things necessary to perfect her claim and claims against the defendant, and the general averment of a demand and refusal of the company to pay, makes the complaint entirely sufficient as against a general demurrer. Rev. Laws, 5071; Richards v. Travelers' Ins. Co., 89 Cal. 170, 26 Pac. 762, 23 Am. St. Rep. 455.

The defendant by its third amended answer admits the issuance of the policy, which bears date of the 12th day of May, 1919, and to avoid its payment sets up numerous defenses, averring that both by misrepresentation of facts, stated in the application and policy to be true, and by concealment of facts material to the

risk, the policy was avoided; and for further answer
denies that the death of the insured was the result
of any bodily injuries or injury, effected, directly and
independently of all other causes, through external, vio-
lent, and accidental means; but in this connection avers
that the death of the insured was caused directly and
proximately by the disease of active pulmonary tubercu-
losis, with arteriosclerosis, from which the insured was
suffering at the time he received the injury stated in
the complaint, that necessitated the amputation of his
left foot, below the knee. The plaintiff interposed a
demurrer to the defenses, and for demurrer, among
other grounds, alleged that the defense that the insured
suppressed, concealed, and misrepresented facts mate-
rial to the risk in answer to question 14 of the applica-
tion shows that said answer was imperfect and incom-
plete, and that it became and was the duty of the
insurer to inquire further of the insured with respect
to the disease of tuberculosis, and that, having issued
the policy, it waived said imperfections or incomplete-
ness of the answer, and that therefore the defenses do
not state facts sufficient to constitute a defense. The
demurrer was overruled. The correctness or incorrect-
ness of the ruling is not before us. Any argument,
therefore, upon it must be ignored. The plaintiff
replied, and for reply denied each and all of the "new
matter" contained in the answer. A trial before a
jury resulted in a judgment in favor of the plaintiff
for the sum demanded in the complaint, and the cause
is brought here upon appeal from said judgment, as
well as from an order denying to the defendant a new
trial.

Upon the trial the defendant introduced in evidence
the application and policy. The opening words of the
policy are as follows:

"In consideration of the agreements and statements
contained in the application, a copy of which is indorsed
hereon and made a part of this contract, the policy fee

of $5 and prem. $2.10, the payment of the premium of two and $10\frac{9}{100}$ * * * dollars on or before the first day of June, 1919, and the further payment of the last-mentioned sum on or before the first day of each month thereafter, ........................ does hereby insure the person (hereinafter called the insured) whose name appears after the words 'signature of applicant' in said copy of application, by occupation postal service mail - carrier, using bicycle in class C of said company, subject to the agreements, limitations and provisions of this policy, promises to pay benefits as hereinafter set forth for loss caused by accidental means, as follows:

"Principal sum first year ............ dollars ($1,700.00).

"Monthly accident indemnity .......... dollars ($70.00)."

The questions and answers in the application, material to the controversy here, are as follows:

"I hereby apply for insurance in the North American Accident Insurance Company and for that purpose make the following statement:

"1. Do you understand that the insurance, if granted, is to be based upon the following statements and that the falsity of any statement herein shall bar the right to recovery if any such statement is material either to the acceptance of the risk or the hazard assumed by the company or made with intent to deceive? Yes.

"2. What is your full name? Alonzo C. Webb. * * *

"3. What was your age last birthday? 51 years.

"4. * * *

"5. * * *

"6. * * *

"7. * * *

"8. * * *

"9. Are you carrying or have you applied for any other accident, health or life insurance, except as herein stated? No.

"10. Have you ever been insured in this company, except as herein stated? No, ex. No. 1252229 canc. by this.

"11. Has any application ever made by you for accident, health or life insurance been declined, or any accident or health policy issued to you been canceled or renewal refused, except as herein stated? No.

"12. (a) Have you ever at any time received indemnity for accident or illness disability, except as herein stated? No.

"(b) Have you ever been refused indemnity for accident or illness disability, except as herein stated? No.

"13. * * *

"14. Have you ever been ruptured or suffered the loss of a hand, foot, or eye; had diabetes, kidney disease, tuberculosis, syphilis, paralysis, varicose veins or any sickness or disorder of the brain, heart, spine or nervous system or any bodily or mental infirmity, except as herein stated? 4 toes left foot gone.

"15. Are your habits of life correct and temperate, and are you in sound and healthy condition mentally and physically, except as herein stated? Yes.

"16.* * *

"17. Have you now or have you had during the past year any local or constitutional disease, except as herein stated? No.

"18. Have you received medical or surgical attention within the past two years, except as herein stated? No.

"19.* * *

"20. Are the foregoing answers true and complete? Yes."

After the evidence was closed, the plaintiff submitted to the court a series of instructions, and asked that the jury be charged as therein indicated, which request was granted, over the protest and exception of the defendant. The defendant also delivered to the court a series of instructions, seven in number, that were refused, and exception taken. The instructions given and deemed material for the proper determination of the appeal are as follows:

"Instruction No. 3. The jury is instructed that

unless it is satisfied from the evidence that Webb's answer to question No. 14 of his application for insurance was of substantial importance to defendant, and operated as an inducement to. defendant, in executing and delivering its policy of insurance, or that Webb's answer to said question was made by him with intent to deceive defendant, it should find for plaintiff upon that issue, regardless of whether Webb had or did not have any disease, ailment, or disability named or included in said question No. 14."

"Instruction No. 6. The jury is instructed that the words 'any local or constitutional disease,' contained in question No. 17, in Webb's application to defendant for insurance, does . not include any disease, ailment, or disability named or included in question No. 14 in said application, but that, on the contrary, any and all of said diseases, ailments, or disabilities are not included in said question No. 17."

"Instruction No. 7. If you believe that A. C. Webb executed the application alleged for insurance herein alleged and that defendant believed the answers therein were true and complete, and because thereof, and in reliance thereon, executed a policy of insurance as herein alleged, and that said answers or any of them were false to the knowledge of A. C. Webb at the time made, or that in making said answers said Webb wilfully, knowingly, and deliberately concealed and suppressed information asked for in said application, and the said false answers or said suppression or concealment was material either to the acceptance of the risk or the hazard assumed by the ·company or made with intent to deceive the company, then plaintiff cannot recover, and your verdict should be for the defendant. In determining whether or not any answer or concealment or suppression, if such there be, is materially false, you are to determine whether a reasonable, careful, and intelligent man would have regarded the fact alleged to be false or suppressed or concealed as sub-. stantially increasing the chances of the loss insured against in said alleged contract of insurance."

"Instruction No. 10.   The jury is instructed that, in order for the defendant to prevail in any of its affirmative defenses to plaintiff's complaint, it must satisfy your mind by a preponderance of proof that A. C. Webb, in his answer to any question propounded to him in the application for insurance, which defendant claims entitles it to avoid payment, must be not only false, but must also be material to the acceptance of the risk or hazard assumed by defendant or made by Webb with an intent to deceive defendant.

"In this connection the jury is instructed that by the word 'material,' as used in this instruction and in said application for insurance, is meant such answers to interrogatories in the application as were of substantial importance to defendant as an inducement to it in executing and delivering the policy of insurance.

"In other words, in order for the jury to find for the defendant upon the ground that Webb falsely answered the interrogatory in the application about his age, you must be satisfied from the evidence, not only that his answer was false, but also that it was of substantial importance to the defendant and operated as an inducement to defendant to execute and deliver its policy of insurance, or that Webb made a false answer to the interrogatory with the intention thereby to deceive defendant; and in this connection the jury is further instructed that any answer of Webb to any other interrogatory which defendant complains was false and material to the risk assumed by the company, or made by Webb with an intent to deceive it, is subject to the foregoing definition of legal principles."

The main defense relied upon to avoid payment of the policy was that the insured, at the time he made his application was suffering from a pronounced case of pulmonary tuberculosis with arteriosclerosis, that he knowingly misrepresented his true physical condition, and deliberately, and with intent to deceive, suppressed and concealed from the company facts material to be disclosed to enable the company to estimate the risk and to determine the propriety of assuming the risk.

The evidence, without conflict, shows that the insured had tuberculosis in both lungs; and he had been treated twice in the St. Helena (Calif.) sanitarium for tuberculosis, the last visit being from June to July, 1918, less than one year preceding the application for the insurance, which bears date on the 12th day of May, 1919. The proof shows that the insured had also entered said sanitarium in January, 1915, and been treated for tuberculosis. It appears that the insured had lost a brother and a sister from tuberculosis, and that he had changed his occupation from that of school-teacher to that of mail-carrier with the expectation of better enabling him to resist the ravages of the disease. The testimony shows that he had been fully informed of his tubercular condition by physicians who had treated him from time to time, and had been informed by them that he was suffering also from a pronounced case of arteriosclerosis; and it is further shown that he had been a sufferer therefrom for the last six years prior to the date of the application for insurance, and he at the time thereof had a fibroid condition in his right lung.

If the position of appellant be clearly understood, it is its contention that the vice underlying instructions No. 3, No. 6, and No. 10, in so far as they relate to and have any bearing upon the materiality of the risk, is that by said instructions it was made the province of the jury, under the guise of determining whether the statements of the insured were materially false or untrue with respect to tuberculosis, to find that the disease of tuberculosis was not a bodily infirmity material to be disclosed, which upon a reasonable interpretation of the contract the court could see that the parties themselves regarded as material to be disclosed to enable the insurer to judge of the risk to be undertaken.

2. Counsel for respondent concedes that the law does not forbid parties to contract for accident insurance, as in life insurance, to determine what facts or

representations shall be deemed material, and that this may be done without putting the representations on a footing with a warranty. Gerhauser v. N. B. & M. Ins. Co., 7 Nev. 174.

3 - 5. It must be conceded that whether or not the parties have made the statements in the application, made a part of the policy, material to the risk, is a question of law for the court, to be determined by an interpretation of the contract; and, in case of doubt as to their intent, to resolve such doubt in favor of the insured. Gerhauser v. N. B. & M. Ins. Co., supra. The rule is well established that, if the materiality of the representations or statements depends upon inferences to be drawn from facts and circumstances proved, the question of materiality is one for the jury. A different rule, however, applies where the statements are in the form of written answers made to written questions. In such case the parties, by putting and answering the questions, have indicated that they deem the matter inquired of material. May on Insurance, sec. 185; Cooke on Insurance, sec. 17; 3 Joyce on Insurance (2d ed.) sec. 1912; 14 Ruling Case Law, p. 1022, sec. 202.

Chief Justice Taft, then circuit judge, in the case of Penn Mutual Life Ins. Co. v. Mechanics' Savings Bank & Trust Co., 72 Fed. 413, 19 C. C. A. 286, 38 L. R. A. 33, states the rule to be thus:

"The question of the materiality of a fact in respect to which false statements have been made is always for the jury, unless the answers in the application are expressly made the basis of the contract; and even in the latter case the question is for the jury where the statute declares that innocent misrepresentations in relation to matters not material to the risk shall constitute no defense."

In McEwen v. New York Life Ins. Co., 23 Cal. App. 694, 139 Pac. 242, the judgment was reversed upon the ground that the trial judge had submitted to the jury

the issue of the materiality of the questions claimed to have been falsely answered. The court, in the course of its opinion, says:

"Conceding that by reason of this statute [Civ. Code, sec. 2573] the rule laid down in May on Insurance, section 185, and followed by the courts of many states, is inapplicable, we are, nevertheless, of the opinion that under the statute the materiality of the representations was a question of law for determination of the court and not the jury."

6. In Ætna Life Insurance Co. v. France, 91 U. S. 510, 23 L. Ed. 401, it is held that, when an insurance policy contains the clause that if the answers and declarations made by the insured are false, the policy shall be void, all the statements contained in the proposal must be true or the policy will be void, and that the materiality of such statements is removed from the consideration of the jury by the agreement of the parties. But it is argued that in the case at bar the parties by their contract did not stipulate as to what should constitute materiality; and where such be the fact, and it is not obvious from undisputed evidence that the statements are material, the question of materiality is one of fact, and, that question in the present case having been determined by the jury upon conflicting evidence, it is no longer a question of law (citing cases). Taking the most favorable view of the contract to the insured, it is manifest that the parties themselves understood that the insurance, if granted, was based upon the truth of the statements made in the application, and that the falsity of any statement therein should bar the right to recover, if any such statement was material to the acceptance of the risk or the hazard assumed by the company or made with intent to deceive. Where the contract itself does not stipulate the effect that a particular false statement or representation shall have on the contract, or where it stipulates merely that the misrepresentation or suppression of a material fact shall avoid it, it may be conceded that the fact misrepresented or suppressed must have been material as an

inducement to enter into the contract; and, as the materiality must be shown by matters outside the terms of the contract, it is a question of fact. But in the case at bar it is manifest that the parties stipulated that the effect of any false statement barred recovery, and the hypothesis if material to the risk, etc., does not take the case out of the rule established by the authorities hereinabove cited.

It is manifest that the defendant deemed the information as to tuberculosis or any bodily infirmity of the applicant material to be disclosed; and it put the direct question, "Have you ever * * * had * * * tuberculosis * * * or any bodily or mental infirmity, except as herein stated?" It is obvious that it was material that the assured should answer the question truthfully.

The parties themselves having stipulated that the effect of any false statement material to the risk should bar a recovery, the statements are, as a matter of law, material. Gerhauser v. N. B. & M. Ins. Co., supra.

7. It is argued that, the question of materiality having been submitted to the jury upon conflicting evidence, we are precluded from disturbing the verdict. The difficulty with this position is that there is no conflict whatsoever in the evidence as to the tubercular condition of the insured. At the time he made application for the insurance, he was suffering from tuberculosis and arteriosclerosis. Question 14, "Have you ever * * * had * * * tuberculosis * * * or any bodily or mental infirmity, except as herein stated?" and question 15, "* * * And are you in sound and healthy condition mentally and physically, except as herein stated?" show that it was a condition precedent to a valid contract that the insured should observe the utmost good faith and deal honestly and fairly with the company in respect to all material facts inquired about, and as to which he had or should be presumed to have had knowledge, and make a full, direct, and honest answer, without evasion or fraud, and without suppression, misrepresentation, or concealment of material

facts which the parties themselves deemed material to be disclosed. Moulor v. American Life Ins. Co., 111 U. S. 346, 4 Sup. Ct. 466, 28 L. Ed. 447.

It was clearly within the province of the jury to decide whether the insured had tuberculosis or any other bodily infirmity or affection that amounted to tuberculosis; but it was not within the province of the jury, under the guise of determining whether the insured's statements were materially false or untrue in particulars material to the risk, or whether the insured had suppressed or concealed facts material to the risk, to find that tuberculosis was not a disease material to be disclosed to enable the insurer to estimate the risk proposed, and determine upon the propriety of entering into the contract. Campbell v. New England Mutual Life Insurance Co., 98 Mass. 406.

The instructions submitted to the jury, not merely whether the statements in question were untrue, and not merely whether the insured had intentionally suppressed his tubercular condition, but also whether the statement as to that condition was material to be disclosed to enable the insurer to estimate the risk, and to determine upon the propriety of entering into the contract, being erroneous, the verdict should be set aside.

8. It is argued that the answer to question 14, "4 toes left foot gone," being true, it did not conceal or mislead the company, and that, if the insurer desired further information or a more complete answer, it was its duty to request the same. Counsel for respondent says that, as a matter of fact, question 14 contains sixteen questions, and that the applicant answered only one, and that was answered truthfully; hence there was no concealment or misrepresentation, and the insurer could not have been misled. We think it a well-recognized rule that, where upon the face of the application a question appears not to be answered at all, or to be incompletely answered, and the insurer issues a policy without further inquiry, it waives the incompleteness of or failure to answer, as the case may

be, and renders the failure to answer more fully imma-
terial. Phœnix Life Ins. Co. v. Raddin, 120 U. S. 183,
7 Sup. Ct. 500, 30 L. Ed. 644; 3 Joyce on Insurance,
sec. 1870.

**9.** It is also insisted by counsel for appellant that
the trial court committed prejudicial error in giving
instruction 6, and refusing to give defendant's requested
instruction submitting to the jury the consideration
of applicant's answer to question 15. Both contentions
go to the same legal question, and we will dispose of
them both by a consideration of instruction No. 6,
above quoted. By this instruction the court took from
the consideration of the jury the truthfulness of the
answer given by the applicant to question 17; and by
refusing to give . defendant's requested instruction,
above mentioned, it declined to submit to the jury a
determination of the truth of applicant's answer to
question 15. The theory of the court in taking from
the consideration of the jury the truthfulness of the
answer to the two questions mentioned is that the two
questions in question did not cover the ailments.'specified
in question 14. Counsel's position seems somewhat
anomalous. He says the applicant answered only one
of the sixteen distinct questions embraced in what is
designated in the application as question 14, and since
applicant answered only one of them, and answered
it correctly, that the insured cannot be presumed to
intend answers to questions 15 and 17 to cover any of
the diseases specifically mentioned in question 14. We
do not take this view. The company had its reasons
for submitting the questions in the form in which it
did, and each of them called for a truthful answer.

It may be that the purpose of submitting the ques-
tions in the form presented was to determine if any
conflicting statement would be made. Had the appli-
cant in answering question 14 stated that he was not
afflicted with, and had not been afflicted with, tubercu-
losis, it would not have been necessary for the appli-
cant to restate such fact in answer to questions 15 or
17, as such answers would have been made unnecessary

by the phrase, "except as herein stated," incorporated in the question, and it is clear that the purpose of the phrase quoted was to obviate a restatement of a fact in answer to a question which had already been stated; it could contemplate nothing else. This is demonstrated by the form of questions 9, 10, 11, 12a, and 12b, which contain the same phrase.

For the reasons given the judgment is reversed.

ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.