THE DOW CHEMICAL COMPANY, Appellant/Cross-Respondent, *v.* CHARLOTTE MAHLUM and MARVIN S. MAHLUM, Respondents/Cross-Appellants.

No. 28600

February 12, 1999                                     973 P.2d 842

---

*Rawlings Olson Cannon Gormley & Desruisseaux,* Las Vegas; *McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks,* Reno; *Mayer, Brown & Platt* and *Michele Louise Odorizzi,* Chicago, Illinois, for Appellant/Cross-Respondent.

*White & Meany,* Reno; *Ellis & Rapacki,* Boston, Massachusetts; *Farmer, Price, Hornsby & Weatherford,* Dothan, Alabama, for Respondents/Cross-Appellants.

*Thomas J. Hall,* Reno; *Robin S. Conrad,* Washington, D.C., for Amicus Curiae Chamber of Commerce of the United States.

*Perry & Spann,* Reno; *Hugh F. Young, Jr.,* Reston, Virginia; *Armstrong, Teasdale, Schlafly & Davis* and *Jordan B. Cherrick* and *Jennifer S. Lohman,* St. Louis, Missouri, for Amicus Curiae Product Liability Advisory Council, Inc.

*Lionel Sawyer & Collins* and *Richard Horton,* Reno; *Covington & Burling* and *Bruce N. Kulik,* Washington, D.C., for Amicus Curiae Pharmaceutical Research and Manufacturers of America.

*Woodburn and Wedge* and *Casey W. Vlautin,* Reno, for Amicus Curiae American Tort Reform Association.

*Lemons, Grundy & Eisenberg,* Reno, for Amicus Curiae Washington Legal Foundation.

*Lynn G. Pierce,* Reno, for Amicus Curiae Public Citizens.

*Galatz, Earl & Bulla,* Las Vegas, for Amicus Curiae Nevada Trial Lawyers Association.

Before Rose, C. J., Maupin and Shearing, JJ., and Ames, D. J.

## OPINION

*Per Curiam:*

In Dow Chemical Co. v. Mahlum, 114 Nev. 1468, 970 P.2d 98 (1998), we reversed the district court's judgment on the claims of fraudulent concealment, concert of action and aiding and abetting fraudulent misrepresentation, and vacated the award of punitive damages. Further, we affirmed the judgment on the claim of negligent undertaking and affirmed the district court's order denying appellant Dow Chemical's motion for a new trial. Dow Chemical now petitions this court for a rehearing with respect to the negligent undertaking claim.[1]

As an initial matter, Dow Chemical has moved for *en banc* consideration of this rehearing petition pursuant to NRAP 40A. On December 14, 1998, this court issued an order amending, among other appellate procedure rules, NRAP 40, and adopting Rule 40A. ADKT No. 288 (Order Amending Rules, December 14, 1998). The rules, as amended, became effective on January 4, 1999. The order amending the rules provides in relevant part as follows:

> These rules govern all proceedings in actions commenced in this court after January 3, 1999. The rules govern all further proceedings in actions pending in this court on January 4, 1999, unless in the opinion of the court their application in a particular pending action would not be feasible or would work an injustice, in which event the former procedure applies.

NRAP 40A and its provisions for *en banc* consideration are inapplicable to the present petition. The subject appeal, docketed in 1996, is not an action that was ''commenced in this court after January 3, 1999.'' Further, for actions filed prior to January 4, 1999, the new rules apply only if the actions were still pending in this court on January 4, 1999. For the purpose of these new rules, we conclude that petitions for rehearings of decisions rendered before January 4, 1999, do not qualify as proceedings in ''actions pending in this court on January 4, 1999.'' Otherwise,

---

[1]The Chamber of Commerce of the United States and the Medical Device Manufacturers Association have both filed motions for leave to file *amicus curiae* briefs in support of this petition. It appears from the motions that the issues raised will substantially mirror those raised on appeal and rehearing. Such briefs will not assist this court, and we therefore deny the motions.

matters litigated before the five-justice court would be relitigated before the new seven-justice court, to which such matters had never been submitted. Thus, we conclude that Dow Chemical's arguments to the contrary are without merit, and we deny the motion for *en banc* consideration.[2]

We now turn to the petition for rehearing. Dow Chemical contends that a rehearing should be granted because this court has misapprehended the legal principles of Restatement (Second) of Torts § 324A and has ill-advisedly imposed a duty on parent corporations to supervise their subsidiaries. Dow Chemical asserts that our decision ignores or misapprehends the decisions of other jurisdictions that have considered the negligent undertaking claim against it, and also misapprehends the facts of this case. Dow Chemical also maintains that this court has created a new tort imposing a retroactive duty on parent corporations such as itself. Dow Chemical further contends that the majority did not identify any affirmative negligent act committed by Dow Chemical, only omissions. Finally, Dow Chemical argues that the majority overlooked the "undisputed" fact that between 1964 and 1976, Dow Corning commissioned outside laboratories to conduct additional testing on breast implants and other silicone products.

Under our prior NRAP 40(c)(2) governing rehearing petitions, which applies here, this court may entertain a petition for rehearing only "[w]hen it appears that the court has overlooked or misapprehended a material matter in the record or otherwise" or "[i]n such other circumstances as will promote substantial justice." Pursuant to prior NRAP 40(c)(1), "[m]atters presented in the briefs and oral arguments may not be reargued in the petition for rehearing, and no point may be raised for the first time on rehearing."

Having reviewed each of Dow Chemical's grounds for rehearing, we conclude that Dow Chemical has not demonstrated that the participating members of the court overlooked or, in their view, misapprehended the law or the facts regarding the negligent

---

[2]Dow Chemical also contends that under the former NRAP 40(a), because rehearings were necessarily *en banc,* it follows that its petition for rehearing should be considered by the *en banc* seven-justice court. Rule 40A, however, was adopted and specifically tailored for the new seven-justice court and panel system. Accordingly, Rule 40A provides for an *en banc reconsideration* of a *panel's* decision. As we stated before, NRAP 40A does not apply to Dow Chemical's rehearing petition. We therefore proceed under the previous practice, which provided for the five-justice court to consider rehearing petitions such as the one that Dow Chemical has filed.

undertaking claim. Accordingly, we deny this petition. NRAP 40(c).[3]

---

[3]THE HONORABLE CLIFF YOUNG, Justice, voluntarily recused himself from participation in the decision of this appeal. The Governor appointed the Honorable Jack Ames, District Judge, to sit in the place of THE HONORABLE CLIFF YOUNG.