WILLIAM R. POWERS, Appellant/Cross-Respondent, v. UNITED SERVICES AUTOMOBILE ASSOCIATION AND USAA CASUALTY INSURANCE COMPANY, Respondents/Cross-Appellants.

No. 26794

April 2, 1999

979 P.2d 1286

---

*Brenske & Christensen,* Las Vegas; *Raleigh, Hunt & McGarry,* Las Vegas, for Appellant/Cross-Respondent.

*Beckley, Singleton, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas; *Howard, Moss, Loveder, Strickroth & Walker,* Santa Ana, California; *Pearson & Patton,* Las Vegas, for Respondents/Cross-Appellants.

*Bradley, Drendel & Jeanney,* Reno, for Amicus Curiae Nevada Trial Lawyers Association.

*Crowell, Susich, Owen & Tackes,* Carson City, for Amici Curiae National Association of Independent Insurers; Nevada Independent Insurance Agents; American Insurance Association; Alliance of American Insurers; State Farm Mutual Automobile Insurance Company; Farmers Insurance Exchange; Allstate Insurance Company; Union Plaza, Inc., dba Jackie Gaughan's Plaza Hotel & Casino; Exber, Inc., dba El Cortez Hotel & Casino and Western Hotel & Casino; E.G. & H., Inc., dba Las Vegas Club Hotel & Casino; Gaughan South, dba Gold Spike Hotel & Casino; Associated Builders & Contractors, Sierra Nevada Chapter; Nevada Manufacturers Association; Nevada Associated General Contractors; Association of General Contractors; Nevada Public Agency Insurance Pool; Nevada Public Agency Compensation Trust; Nevada Association of Counties; Nevada League of Cities; Retail Association of Nevada; Las Vegas Chamber of Commerce; Nevada Motor Transport Association; and Employers Insurance Company of Nevada.

*Wadhams & Akridge,* Las Vegas, for Amici Curiae National Association of Independent Insurers; Nevada Independent Insurance Agents; American Insurance Association; Alliance of American Insurers; Farmers Insurance Exchange; Allstate Insurance Company; Nevada Public Agency Insurance Pool; Nevada Public Agency Compensation Trust; and Employers Insurance Company of Nevada.

*James E. Butler, General Counsel,* Las Vegas, for Amici Curiae Harrah's Operating Co., Inc., dba Harrah's Reno, Harrah's Lake Tahoe, and Bill's Lake Tahoe; Harrah's Las Vegas, Inc.; and Harrah's Laughlin, Inc.

*Lemons, Grundy & Eisenberg,* Reno, for Amicus Curiae State Farm Fire and Casualty Co.

*Smith & Kotchka,* Las Vegas, for Amicus Curiae Nevada Self-Insurers Association.

■

*Jones Vargas,* Reno, for Amicus Curiae Nevada Bankers Association.

Before ROSE, C. J., YOUNG, MAUPIN and SHEARING, JJ.

## OPINION

*Per Curiam:*

This is a petition by respondents United Services Automobile Association and USAA Casualty Insurance Company ("USAA") for rehearing of this court's opinion of July 16, 1998. *See* Powers v. United Servs. Auto. Ass'n, 114 Nev. 690, 962 P.2d 596 (1998). A multitude of entities[1] have sought leave to appear as amici in

---

[1] These entities are National Association of Independent Insurers; Nevada Independent Insurance Agents; American Insurance Association; Alliance of American Insurers; State Farm Mutual Automobile Insurance Company; Farmers Insurance Exchange; Allstate Insurance Company; Union Plaza, Inc., dba Jackie Gaughan's Plaza Hotel & Casino; Exber, Inc., dba El Cortez

support of the rehearing petition, and this court has received two amicus briefs, one on behalf of insurance entities and one on behalf of business and government entities.[2]

We have reviewed the petition for rehearing, and conclude that this court did not misapprehend a material matter in the record or otherwise, nor would rehearing promote substantial justice; therefore, rehearing is not warranted.[3] *See* former NRAP 40(c). However, we take this opportunity to clarify our previous opinion in response to some of the concerns raised by amici.

First, in order to avoid any confusion created by footnote four of our previous majority opinion, we state unequivocally that the jury instruction given by the district court on breach of a fiduciary relationship was not error. Specifically, we vacate in its entirety footnote four of the majority opinion. Additionally, we agree with amici that the fiduciary relationship instruction should have been set forth in full in the majority opinion. Inasmuch as the instruction was printed in full in Justice Maupin's concurrence, however, we decline to modify the original majority opinion at this time. The full text of the jury instruction on fiduciary relationship is as follows:

---

Hotel & Casino and Western Hotel & Casino; E.G. & H., Inc., dba Las Vegas Club Hotel & Casino; Gaughan South, dba Gold Spike Hotel & Casino; Sierra Nevada Chapter of Associated Builders & Contractors; Nevada Bankers Association; Nevada Manufacturers Association; Nevada Associated General Contractors; Association of General Contractors; Nevada Public Agency Insurance Pool; Nevada Public Agency Compensation Trust; Nevada Association of Counties; Nevada League of Cities; Retail Association of Nevada; Employers Insurance Company of Nevada; Las Vegas Chamber of Commerce; the Nevada Motor Transport Association; State Farm Fire & Casualty Co.; Harrah's Las Vegas, Inc.; Harrah's Laughlin, Inc.; Harrah's Operating Co., Inc., dba Harrah's Reno, Harrah's Lake Tahoe, and Bill's Lake Tahoe; and the Nevada Self-Insurers Association. Also, Coast Hotels & Casinos, Inc., appears on the business entity brief, but filed a withdrawal of joinder in the motion; however, it appears that Coast never actually filed a joinder in the motion to appear as one of the amici.

[2]We conclude that the briefs of the amici were of some assistance in reviewing this matter. We therefore grant the motions and joinders to appear as amici, and direct the clerk of the court to file the briefs received from the amici. USAA also filed a motion for leave to respond to Powers' objections to certain of the joinders, and a motion for leave to file a reply in support of rehearing. We conclude that additional briefing would not assist this court, and so deny these motions. We direct the clerk of the court to return unfiled the ''Reply in Support of Petition for Rehearing'' and the ''Response to Plaintiff's Objections to 'Latest' Joinders,'' both of which were received on December 17, 1998.

[3]NRAP 40 was amended effective January 4, 1999. Since the opinion in this case was filed before the effective date of the amendment, the former version of NRAP 40 applies to this petition. *See* Dow Chemical Co. v. Mahlum, 115 Nev. 13, 973 P.2d 842 (1999).

> Plaintiff seeks damages for a breach of a fiduciary relationship between plaintiff and defendant. The duty owed by an insurance company to an insured is *fiduciary in nature.* In order to recover plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between plaintiff and defendant and that defendant breached a duty to disclose known facts to plaintiff.
>
> A fiduciary relationship exists when one has the right to expect trust and confidence in the integrity and fidelity of another.
>
> This special relationship exists in part because, as insurers are well aware, consumers contract for insurance to gain protection, peace of mind and security against calamity.

(Emphasis added). It is clear that the jury was properly instructed that an insurer's duty to its policyholder is, as USAA concedes, "akin" to a fiduciary relationship. As we specifically stated in our previous opinion, our conclusion that this fiduciary relationship instruction was not error does not equate to the creation of a new cause of action.

The amici also argue that the instruction on the materiality of appellant William Powers' misrepresentation[4] was error. They assert that the current definition makes lying a win-win proposition for an unscrupulous insured. According to the amici, if a misrepresentation is not detected and investigated, then it is material, but the insurer will not know about the misrepresentation and the insured profits by his false statement; on the other hand, if the insurer investigates the statement, then it has not been misled and so the statement is not material. The amici further argue that the insurer should not have to show detrimental reliance on the false statement; by investigating, the insurer has relied.

The amici appear to have misconstrued this court's opinion. As pointed out in our prior opinion, the jury was instructed that a false representation is " 'material if it concerns a subject reasonably relevant to the insurance company's investigation, and if a reasonable person would attach importance to that fact.' " *Powers,* 114 Nev. at 698, 962 P.2d at 601. At trial, ample evidence was introduced to support the jury's determination that Powers' misrepresentation was not material, including evidence that USAA commenced the investigation as a fraud investigation from the beginning based on the fact that the boat sank in calm waters,

---

[4]Specifically, Powers first told USAA that an exhaust hose on his boat had deteriorated before the boat sank. In fact, Powers had cut the hose in an attempt to stop a siphon effect.

before Powers' initial discussion with special investigator Wayne McNeely. Also, there was evidence that USAA had hired Harry Davis, a local salvager, to locate the boat and investigate recovery before Powers' initial discussion with McNeely. Therefore, substantial evidence in the record supported a finding that Powers' statement was not "reasonably relevant" to the investigation conducted by USAA in this case: USAA was not investigating Powers' "statement," rather, the investigation's tone was set before the statement was even made. The jury was presented with the conflicting evidence, as well, and made its decision.

The amici argue strenuously that the materiality of Powers' misrepresentations should have been determined as a matter of law, and cite numerous cases from other jurisdictions in support of their argument. However, an examination of these cases shows that some do not stand for the proposition cited, one was later overruled, and those cases where materiality was found as a matter of law involved very different facts.[5]

---

[5]Several of the cases involved fire damage where arson was found by the fire marshal or an independent investigator, and the insureds subsequently misrepresented their financial status in responding to the insurers' questions calculated to determine a motive for arson. Sphere Drake Ins. Co. v. Zakloul Corp., No. Civ. 96-8123, 1997 WL 312217 (E.D. Pa. June 3, 1997) (unpublished disposition); Harary v. Allstate Ins. Co., 988 F. Supp. 93 (E.D.N.Y. 1997); Parasco v. Pacific Indem. Co., 920 F. Supp. 647 (E.D. Pa. 1996); Meyers v. State Farm Fire and Cas. Co., 801 F. Supp. 709 (N.D. Ga. 1992); cf. Long v. Insurance Co. of North America, 670 F.2d 930 (10th Cir. 1982) (insured lied about having obtained a storage unit two days before an incendiary fire and moving personal property to the unit). Similarly, in Cummings v. Farmers Ins. Exchange, 249 Cal. Rptr. 568 (Ct. App. 1988), the insured lied about who had vandalized her house, when she knew it was a member of her household.

Jung v. Nationwide Mutual Fire Insurance Company, 949 F. Supp. 353 (E.D. Pa. 1997), involved misrepresentations in the application. A few of the cases cited by amici involved misrepresentations by insureds concerning whether they had an insurable interest in the property for which benefits were sought. Wagnon v. State Farm Fire and Cas. Co., 146 F.3d 764 (10th Cir. 1998); Woods v. Independent Fire Ins. Co., 749 F.2d 1493 (11th Cir. 1985). Two cases involved falsified loss statements. Home Insurance Company v. Hardin, 528 S.W.2d 723 (Ky. 1975) (insured submitted proof of loss statement listing property that had never existed); Wong Ken v. State Farm Fire & Cas. Co., 685 So.2d 1002 (Fla. Dist. Ct. App. 1997) (insured submitted claims for $85,000 in living expenses after Hurricane Andrew when insured actually stayed in damaged house). The court in Joiner v. Auto-Owners Mutual Insurance Co., 891 S.W.2d 479 (Mo. Ct. App. 1994), stated the rule that the issue of materiality was for the jury, and only where reasonable minds could not differ could it be determined as a matter of law; the court then held that where the insureds made false statements concerning the cause of an

Moreover, these cases almost uniformly recite the same rule applied in this case: materiality is generally a question of fact, and only where reasonable minds cannot differ may the issue be resolved as a matter of law. *See* Gerhauser v. N.B.& M. Ins. Co., 7 Nev. 174 (1871); Smith v. N.A.A.I. Co., 46 Nev. 30, 205 P. 801 (1922), *cited in Powers,* 114 Nev. at 697, 962 P.2d at 601. Here, reasonable minds have differed throughout the course of this case about the significance of the evidence presented.

As we pointed out in our opinion, "it is only in the rarest of cases [involving deception in the claims process] that the materiality issue can be taken from the jury." *Powers,* 114 Nev. at 698, 962 P.2d at 601. Justice Maupin's concurrence aptly noted, "this case was replete with competent evidence, albeit disputed, of misconduct by both sides, . . . [and] the trial court properly submitted the issue of the materiality of Mr. Powers' misrepresentations to the jury." *Id.* at 707-08, 962 P.2d at 607 (Maupin, J., concurring).

The amici's argument that materiality was shown as a matter of law because it was intended to influence the investigation and because it related to the cause of the loss must also fail. This court did not overlook any material matter in the record on this issue, which was extensively briefed. Evidence was presented that indicated that USAA would have done nothing different in its investigation had it known the hose was cut rather than "deteriorated." Additionally, whether the statement concerned the cause of the loss was an issue of fact, since if the loss was an accident, whether the hose was cut or not made no difference. Again, both sides presented their evidence on these issues, and the jury resolved the factual dispute in Powers' favor. Rehearing is therefore not warranted.

We have considered the remaining arguments of USAA and amici and conclude that they do not demonstrate that rehearing is

incendiary fire, it was not reversible error for the trial court to omit the word "material" from the jury instructions pertaining to false statements.

Interestingly, two of the cases cited by amici held that the issue of materiality was for the jury. Trzcinski v. American Cas. Co., 953 F.2d 307 (7th Cir. 1992) (only where evidence that misrepresentation was material is overwhelming should issue be taken from the jury); Chaachou v. American Central Insurance Company, 241 F.2d 889 (5th Cir. 1957). Finally, while Smith v. Insurance Company of North America, 213 F. Supp. 675 (M.D. Tenn. 1962), held that materiality had been shown as a matter of law, this holding was reversed by the Sixth Circuit on appeal. Trice v. Commercial Union Assurance Co., 334 F.2d 673 (6th Cir. 1964).

warranted. However, we add one final comment in response to the "parade of horribles" detailed in the briefs of USAA and amici.

A central point in our prior opinion that seems to have escaped the notice of USAA and of amici is that every case must be considered on its own facts. The evidence presented in this case, while conflicting and hotly disputed, supported the jury's verdict. Not only was the impropriety of USAA's denial of Powers' claim supported by substantial evidence, the jury was shown that USAA manufactured evidence to support its denial of coverage, and then was instrumental in sending this false evidence to the FBI, which resulted in Powers being indicted and eventually acquitted at trial when the falsity of the evidence was uncovered. In all likelihood, this evidence substantially influenced the jury's decision to award punitive damages. In a different case, with different facts, a different result might have been reached. Sweeping conclusions about new causes of action and a chilling effect on fraud investigations are simply not warranted by the somewhat unique facts of this case.

For the aforementioned reasons, we deny rehearing.[6]

[6]This matter was submitted for decision prior to expansion of the court from five to seven justices on January 4, 1999; only those justices remaining on the court who previously heard this matter participated in the decision.