**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENE MCCALL, | No. 18-16622 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01058-JAD-GWF |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 26, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Plaintiff Lorene McCall appeals from the district court's order granting

summary judgment in favor of defendant State Farm Mutual Automobile Insurance

Company on her claims for (1) breach of contract, (2) breach of the implied

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

covenant of good faith and fair dealing, and (3) violation of the Nevada Unfair Insurance Practices Act. We affirm.

**1.** The district court correctly granted summary judgment to State Farm on McCall's breach of contract claim, as McCall did not produce evidence from which a reasonable trier of fact could find that State Farm breached the insurance policy. State Farm ultimately paid McCall the full policy limit to which she was entitled ($25,000), albeit after initially denying her claim and forcing her to initiate litigation. But, as noted below, State Farm had a reasonable basis for its initial denial of the claim. The insurance policy gave State Farm the right to investigate claims before paying them, and the evidence shows that State Farm continued to investigate McCall's claim after the initial denial, until new evidence surfaced that caused it to change its position. As the district court stated, the fact that McCall did not receive payment within the timeframe she desired does not establish a breach of contract.

**2.** The district court also correctly granted summary judgment to State Farm on McCall's claim for breach of the implied covenant of good faith and fair dealing. To prevail on this claim, McCall had to prove, among other things, that State Farm lacked a reasonable basis for its initial denial of her claim. *See Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998), *opinion modified on denial of reh'g*, 979 P.2d 1286 (Nev. 1999) (modifying on an unrelated ground).

McCall failed to produce evidence at the summary judgment stage sufficient to support such a finding. An expert retained by State Farm, Dr. Basu, concluded that a large portion of McCall's medical treatments were attributable to her preexisting medical conditions rather than the injuries she sustained in the covered accident. State Farm credited Dr. Basu's opinion over the conflicting opinions of McCall's physicians and determined that McCall had already been adequately compensated for the portion of her medical treatments attributable to the accident. That State Farm chose to credit its own medical expert over McCall's experts does not establish that it acted in bad faith.

**3.** Finally, the district court correctly concluded that McCall's unfair practices claim under Nevada Revised Statutes § 686A.310 fails because she proffered no evidence suggesting that an officer, director, or department head at State Farm knew of and permitted any of the allegedly unfair practices. *See* Nev. Rev. Stat. § 686A.270.

**AFFIRMED.**