NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD TENZER, Legal Guardian on behalf of A.T., <br><br>       Plaintiff-Appellant, <br><br>   v. <br><br> MINNESOTA LIFE INSURANCE COMPANY, <br><br>       Defendant-Appellee. | No.   19-17011 <br><br> D.C. No. <br> 2:18-cv-00446-JAD-NJK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 16, 2020[**]
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and VITALIANO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Howard Tenzer (Howard) appeals the district court's grant of summary judgment in favor of Minnesota Life Insurance (Minnesota Life). We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's decision *de novo*. *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019). We affirm.

All of Howard's claims stem from the rescission by Minnesota Life of an insurance contract with Howard's brother, Mark Tenzer (Mark). As relevant here, rescission of a life insurance contract under Nevada law, which is controlling, is lawful when a putative insured made material misrepresentations to the insurer, or when an insurer would not have issued the policy, or would have issued the policy on different terms, had the putative insured provided accurate information. Nev. Rev. Stat. § 687B.110. The materiality of misrepresentations is typically a question of fact for the jury, and "only where reasonable minds cannot differ may the issue be resolved as a matter of law." *Powers v. United Servs. Auto. Ass'n*, 979 P.2d 1286, 1289 (Nev. 1999).

It is undisputed that Mark made numerous health-related misrepresentations on his life insurance policy application, including the failure to disclose, as required by the application, his history of exogenous steroid use, sleep apnea, abdominal issues, doctors' visits, surgery and diagnostic tests. Minnesota Life's underwriter, John Helberg, testified in a sworn affidavit and at his deposition that

2

Mark's misstatements were material to the risk to be assumed by Minnesota Life and that, given accurate health information, Minnesota Life would have rejected Mark's application. Howard did not offer evidence to rebut Helberg's sworn testimony, relying instead on the bald assertion that the issue must be reserved for jury determination. In this posture, however, and viewing the evidence in the light most favorable to Howard, rescission was proper as a matter of law because reasonable minds could not differ on whether Mark's misrepresentations were material or on whether Minnesota Life would have issued the same policy given accurate information.

Further, the district court properly held that Minnesota Life did not waive its right to rescind Mark's policy. Under Nevada law, an insurer waives its right to rescission if, before issuing a policy, the insurer already has "full information" about the misrepresentations it later relies upon to justify rescinding that policy. *Violin v. Fireman's Fund Ins. Co.*, 406 P.2d 287, 290 (Nev. 1965). Though there is no dispute that Minnesota Life received Mark's blood test results showing elevated liver-enzyme levels before issuing his policy, there is also no dispute that these results alone, because they could reflect various causes, did not warrant, according to the uncontroverted testimony of Helberg, the rejection of Mark's application. Moreover, the insurer was entitled to rely on Mark's representations. As the district court noted, Howard provides no authority for the proposition that

3

Nevada law imposes an affirmative obligation to investigate further. In the absence of complete and truthful information, Minnesota Life did not waive its right to rescind Mark's insurance policy.

Because Minnesota Life was entitled to rescind Mark's life insurance policy, it cannot be held liable for breaching that policy. *See Bergstrom v. Estate of DeVoe*, 854 P.2d 860, 862 (Nev. 1993) (per curiam). Furthermore, Howard's bad faith claim is also defeated. When an insurer is legally entitled to rescind a policy, there can be no finding of bad faith. *See Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (per curiam).

Finally, the district court correctly granted summary judgment on the claimed violations of Nevada's Unfair Claims Practices Act, which are unsupported by any evidence and are wholly meritless.

**AFFIRMED.**