[No. 2335]

# ARNA FECHT ROBERTSON, Appellant, *v.* JAMES CUTHBERT ROBERTSON, Respondent.

[180 Pac. 122]

1. Husband and Wife—Agreement Settling Rights in Community—Breach.

   Plaintiff wife, defendant in divorce suit, by filing motion in divorce proceeding to set aside divorce decree in favor of her husband, together with answer to the merits specifically asking for attorney's fees and other money, violated contract whereby she agreed not to demand a division of community property, or ask for suit money in consideration of husband's promise to pay her a specified sum in settlement of community property rights.

2. Election of Remedies—Acts Constituting an Election.

   Where plaintiff wife, defendant in divorce suit, instead of bringing action for husband's breach of contract whereby he agreed to pay her a specified sum in consideration of her agreement not to demand a division of community property, or ask for suit money, instituted proceedings to set aside divorce decree in his favor, *held*, she cannot maintain suit on the contract; the remedies being inconsistent, and she having made an election.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Action by Arna Fecht Robertson against James Cuthbert Robertson. Judgment for defendant, and plaintiff appeals. **Affirmed. Rehearing denied.**

*H. R. Cooke,* for Appellant:

Defendant's affirmative plea of an agreement changing contract respecting time and manner of payments is fatally defective in not alleging facts showing a valid binding agreement. The statute requires that a complaint shall contain "a statement of the facts constituting the cause of action in ordinary and concise language." Rev. Laws, 5038. The plea says in effect that there is a writing which accomplished a certain purpose—effect; or produced a certain condition or result — that is, deferred the time of payments. This is fatally defective, being a mere conclusion. Nester v. Diamond M. Co., 143 Fed. 72; Cal. State Tel. Co. v. Patterson, 1 Nev. 150; Victor M. & M. Co. v. Justice's Court, 18 Nev. 28. "An

allegation that plaintiffs waived and surrendered their alleged claim of mortgage lien  *  *  *  is a conclusion of law." Zorn v. Levesley, 75 Pac. 1056; Cambers v. Bank, 144 Fed. 717; Cassimus v. Scottish Co., 33 South. 163. "Where a pleading is intended to show a waiver of a breach of contract, the facts to sustain the conclusion of waiver must be alleged." Pope Mfg. Co. v. Rubber Goods Co., 97 N. Y. Supp. 73; Crafton v. Carmichael, 64 N. E. 627; Stannard v. Aurora Ry. Co., 77 N. E. 254; People v. Brown, 48 Pac. 661; Bennett v. Lewis, 66 N. W. 523.

Plea of alleged agreement modifying and changing contract is defective in not alleging same was upon. valuable consideration. The rule is well settled that where a creditor, who has a complete agreement for the payment of money, agrees to defer or extend the time of payment from time to time as fixed in the contract, such agreement must have a new consideration to support it. 9 Cyc. 593; 13 C. J. 592, 722, 753, 759. Any agreement purporting to discharge the original agreement in whole or in part must have a new consideration. 9 Cyc. 67; 13 C. J. 602; Collier Co. v. Moulton, 98 Am. Dec. 370; Pratt v. Morrow, 45 Mo. 404; McIntyre v. Ajax Mining Co., 60 Pac. 552; Shriner v. Craft, 28 L. R. A. 450; Bartlett v. Smith, 117 Am. St. Rep. 625; Empire State Co. v. Hanson, 184 Fed. 58.

Plea of deferred payments arrangement fatally defective, because of its absolute indefiniteness. Uncertainty made same unenforceable. "If an agreement is so uncertain and ambiguous that the court is unable to collect from it what the parties intended, it cannot be enforced." 9 Cyc. 248, 249; Gaines v. Vandicar, 115 Pac. 721. "A promise to forbear for such time as plaintiff shall elect is not good, for it imposes no obligation to forbear for any length of time." 13 C. J. 349; Sticker v. Evans, 21 Am. Dec. 387; Gates v. Hackerthal, 11 Am. Rep. 45.

Defense of waiver as to time of payments must be specially pleaded and the facts constituting the alleged waiver set forth. "Party relying upon a waiver has the

burden of proving it." 40 Cyc. 269; 13 C. J. 738; Kansas City v. Walsh, 88 Mo. App. 271; Brock v. Des Moines Co., 64 N. W. 685; Crandall v. Moston, 50 N. Y. Supp. 145.

"The courts are disinclined to construe stipulations in a contract as conditions precedent when to do so would result in injustice." 13 C. J. 569; Front St. Co. v. Butler, 50 Cal. 574. "Forfeitures are looked upon by the courts with ill favor, and will be enforced only when the strict letter of the contract requires it." Finley v. School District, 153 Pac. 1010; 13 C. J. 541. Any condition involving a forfeiture must be strictly interpreted against the party asserting it and liberally construed in favor of the party against whom it is to be enforced. Cleary v. Folger, 24 Pac. 280; Randall v. Scott, 42 Pac. 976; People v. Perry, 21 Pac. 423; Quatman v. McCray, 60 Pac. 855. A condition subsequent, to work a forfeiture, must be created by express terms or clear implication, and is to be strictly construed. 13 C. J. 566; Davidson v. Ellis, 98 Pac. 254; Behlow v. S. P. Co., 62 Pac. 295. The law abhors forfeitures; courts will never allow them unless absolutely compelled to do so. 24 Cyc. 1347; Richardson v. Jones & Denton, 1 Nev. 405; Golden v. McKim, 141 Pac. 676.

A mere tender of money does not operate as a satisfaction of a debt. It merely protects against further interest, costs, or damages. 38 Cyc. 162; Colton v. Oakland Bank, 70 Pac. 225; Ruppell v. Missouri Co., 59 S. W. 1000.

By filing motion for leave to defend, plaintiff did not make election precluding recourse on contract. There must be two or more coexistent and inconsistent remedies. Mark v. Schuman Co., 70 N.E.226. Where only one remedy actually exists, but through mistake an inappropriate one is invoked, the proper remedy is not thereby waived. Bunch v. Grove, 12 N. E. 514; Agar v. Winslow, 69 Am. St. Rep. 84; Chaddock v. Tabor, 72 N. W. 1093; Rowell v. Smith, 102 N. W. 1; Fuller Co. v. Harter, 84 Am. St. Rep. 867. "There is no inconsistency

between different legal remedial rights, all of which are based upon claim of title to property in plaintiff." 15 Cyc. 258; Wood v. Claiborne, 11 L. R. A. 915.

*Milton M. Detch* and *Frank K. Pittman*, for Respondent:

If the contract was an existing valid contract at the time plaintiff filed her motion to set aside the decree of divorce, did the filing of the motion constitute such a breach of the contract that plaintiff could not recover on it? "Waiver may be accomplished by either agreement or contract. Waiver may be made by an express agreement or promise declaring an intention not to claim the supposed benefit or advantage. * * * The more usual manner of waiving a right is by conduct or acts which indicate an intention to relinquish the right or by such failure to insist upon it that the party is estopped to afterwards set it up against his adversary." 40 Cyc. 265, 266; Rice v. Maryland Fidelity Co., 103 Fed. 427; Knarston v. Manhattan L. Ins. Co., 56 Pac. 773. Defendant by her actions waived the time of payment of the several monthly payments. Consideration for waiver unnecessary where element of estoppel is present. 40 Cyc. 264; Schwartz v. Wilmer, 90 Md. 136; Pabst Brewing Co. v. Milwaukee, 126 Wis. 110. In the original contract, the mutual promises of the parties constituted the entire consideration for the contract. "When mutual covenants go to the entire consideration on both sides, they are mutual conditions and dependent." 13 C. J. 571; Long v. Addix, 184 Ala. 236; Manuel v. Campbell, 3 Ark. 324; Houston v. Spruance, 4 Del. 117; Dakin v. Williams, 11 Wend. 67.

By the filing of her motion to set aside the decree of divorce, appellant precluded recovery under the contract. "Any decisive act of a party with knowledge of his rights and of the facts, determines his election in case of conflicting and inconsistent remedies. * * * The mere commencement of any proceeding to enforce one remedial right * * * is such a decisive act as

constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights." 15 Cyc. 259, 260. "Bringing suit is a decisive act; dismissal does not obviate." Robb v. Voss, 155 U. S. 13; Farwell v. Garrett, 73 N. W. 217; Cunnihan v. Thompson, 111 Mass. 270; Martin v. Boyce, 13 N. W. 386. "Where in one suit plaintiff has asserted that a contract was rescinded, he cannot in a subsequent suit take the ground that it is still operative." Martin v. Boyce, 13 N. W. 386; Turner v. Grimes, 106 N. W. 465. "Intent to elect presumed; no reservation will avail." Clausen v. Head, 85 N. W. 1028; Johnson v. R. R. Co., 50 Mo. App. 407; Daily v. Bernstein, 28 Pac. 764; Know v. Gow, 17 S. E. 654.

By the Court, DUCKER, J.:

This is an action for the breach of a contract. The respondent and appellant were husband and wife, and during the pendency of an action for divorce instituted by the husband entered into a written contract whereby the appellant agreed that in the event a divorce was granted to plaintiff she would not pray, ask, or request in said action for divorce the court to award or allow her any alimony, maintenance, or support of any kind, character, or description, temporary, permanent, or otherwise, from or against said plaintiff, nor any award or allowance for costs in said action nor any allowance or award for attorney's fees therein. It was further mutually agreed between them for the purpose of for all time settling and disposing of their property rights that the respondent should pay the appellant the sum of $3,000 in the following manner: The sum of $50 on the 6th day of July, 1915; the sum of $50 on the 6th day of August, 1915; and the sum of $50 on the 6th day of every month commencing on the 6th day of September, 1915, until the whole of said $3,000 is paid. It is also agreed that, if respondent make default in any of the monthly payments as the same become due and continue in default for the period of thirty days, then in that event the

whole of said sum of $3,000 or so much thereof as remains unpaid shall immediately become due and payable and subject to an action by the appellant for the collection thereof; the respondent waiving all defenses to such action other than the defense of full payment. In consideration of the said promises on the part of respondent and the faithful performance thereof, appellant agrees to make no demand for any property of the parties. There is also an agreement in the contract that payments shall cease upon the event of the remarriage of wife.

The contract was executed by the parties on the 30th day of August, 1915, and payment of the sum of $100 for the months of July and August, 1915, is acknowledged in the contract by the wife. In the complaint it is alleged that—

"No portion of the $3,000 specified in said written agreement to be paid by the defendant herein to the plaintiff, in the manner and at the times as in said agreement provided, has been paid by, for, or on behalf of said defendant, save and except the sum of $100, receipt of which is acknowledged in and by said agreement, and an additional $75 subsequently paid in full of the $50 payment by the terms of said agreement due and payable on September 6, 1915, and $25 on account of the $50 payment due and payable by the terms of said agreement on October 6, 1915, leaving a balance due, wholly unpaid, and owing from said defendant to plaintiff in the sum of $2,825, with interest on said sum from November 6, 1915, until paid, at the legal rate of 7 per cent per annum."

The defense is based on the grounds that the payments alleged to be due and unpaid were in writing waived and deferred until such time as the plaintiff should make a demand upon the defendant for payment of the same or until the defendant should voluntarily resume the making of such payments, and that, before such demand or resumption of payments was made, the plaintiff breached her contract. As to the

breach of her contract claimed by defendant, it is alleged in his amended answer that on the 28th day of February, 1916, she caused to be filed in the district court in the divorce proceeding her motion to set aside the decree of divorce granted to her husband, together with an affidavit and verified answer wherein she seeks to set up a defense in the divorce proceeding, and whereby she asks for an order of the court directing the plaintiff therein to pay attorney fees, traveling expenses, maintenance during the pendency of the action and alimony pendente lite, wherein she seeks a division of certain community property; that said proceedings are still pending and undetermined in the court; that in the preparation of the defense in the hearing of said motion the plaintiff therein was compelled to and did employ counsel and expend certain sums of money, and has been ready at all times to be present to have said motion heard and determined.

The case was tried in the district court without a jury, and judgment rendered for the respondent.

Appellant appeals from the judgment and the order of the district court overruling her motion for a new trial.

A number of errors are assigned, but, as the judgment of the district court must be affirmed, we deem it unnecessary to consider many of the errors claimed by appellant.

The evidence discloses a state of facts which precludes appellant from maintaining this action.

It appears that the subject-matter of the said contract is the community property rights of the parties, and the contract was entered into for the purpose of settling and disposing of such rights. This is declared in the contract in the following language:

"And the said parties above named, for and in consideration of the mutual promises, agreements, and stipulations herein contained, hereby expressly and respectively contract, agree, and stipulate as follows for the purpose of for all time settling and disposing of

the property rights of the said parties above named.
* * * * ".

Then follows respondent's promise to pay in monthly installments the sum of $3,000 and appellant's promise in consideration thereof to make no demand of any kind or character for any community or other property of the said parties.

Clearly it was the intention of the parties that appellant was to receive under the terms of the contract the sum of $3,000 in lieu of her interest in the community property. The judgment roll in the action for divorce which was admitted in evidence on the trial of the case at bar shows that after the execution of the contract a divorce was granted respondent on the default of appellant. It further shows that on the 28th day of February, 1916, and prior to the commencement of this action, appellant caused to be filed in the district court, in the divorce proceeding, a motion to set aside the decree of divorce granted her husband, together with an affidavit and verified answer wherein she seeks to set up a defense in the divorce proceeding. In the prayer of the verified answer she asks for an order of the court requiring the respondent to pay a sufficient sum of money for traveling expenses and for her maintenance during the pendency of the action. She also asks for such other and further relief as the court may deem equitable and just.

It is alleged in the answer filed with the motion that the community property of the parties in possession of respondent is valued at many thousands of dollars.

It appears from the record that this motion to set aside the judgment entered against appellant in the divorce proceeding is still pending and undetermined.

1. From this state of facts we conclude that the district court did not err in holding that the appellant breached her contract as alleged in the affirmative defense set forth in the respondent's amended answer. There is no specific demand in the answer accompanying the motion for a division of the community property, but there is an allegation as to such property and its

value, and a prayer for equitable relief. If the judgment were set aside and a divorce granted either party, the court could, and doubtless would, under a pleading and in an action of this kind, make such division of the community property as appeared to be just and equitable. Her intention to obtain such relief in the event of a decree of divorce is evident from the answer and the nature of the proceedings. She specifically asks for attorney fees and other money to enable her to make her defense. In her contract with respondent she agrees, in consideration of his promise to pay, not to demand a division of the community property, or ask for suit money for any purpose. Her attempt to set aside the decree of divorce and answer to the merits of the action constitute a demand for both, in violation of her contract.

True, it would still require an order of the court to open the case, but, so far as appellant is concerned, she has initiated all the demand that she can make. If it requires an order of the court to ripen it into a real demand, it is certain that appellant intended her motion and answer to have that effect.

2. Appellant insists that, prior to the time she sought to be permitted to answer in the divorce action, the respondent had breached the contract by failing to make certain of the monthly payments as agreed. The trial court held that she had extended the time of payments, and that therefore respondent was not in default in his payments. We need not determine the question, for, as we view the case, if the contract was actually breached by the respondent, then by its terms appellant could have brought an action on the contract for all of the $3,000 remaining unpaid. Instead of choosing this remedy, she elected to institute proceedings to set aside the decree of divorce and defend in that action. If her motion is granted, her interest in the community property may properly be determined. Clearly these remedies are inconsistent, and the appellant by electing to

pursue the latter cannot now maintain an action on the contract. In the one she seeks a division of the community property, and in the other to recover the unpaid portion of the $3,000 which she agreed to receive for her interest in the community property. She is not entitled to both.

"It is certainly the established law, in every state that has spoken on the subject, that the definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy." 7 Ency. Pl. & Prac. 364, and cases cited.

"An election once made, with knowledge of the facts, between coexisting remedial rights which are inconsistent, is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to any action, suit, or proceeding based upon a remedial right inconsistent with that asserted by the election, or to the maintenance of a defense founded on such inconsistent right." 15 Cyc. 262.

Counsel for appellant urges that her remedy in the divorce proceeding is not available unless the court gives her leave to answer, and that therefore there are not two coexisting alternative remedies. The conclusiveness of her election does not depend upon the chances of success that may attend her suit, but upon the fact that she has resorted to a remedy which is inconsistent with the one she now seeks to maintain, and has made such election with full knowledge of the facts in each case.

Under a statute empowering courts to give relief in appropriate cases, and in an action in which she is a party, she has applied to a court having jurisdiction to determine her property rights for an order to set aside a judgment entered against her, so that she may defend and obtain a determination of such property rights. The motion has been duly made and is still pending. Appellant has made no attempt to dismiss it. It may be pressed at any time regardless of the outcome of the

present action.  Appellant considered it an available remedy.  We cannot say that it is not.  The remedy sought may be to some extent hazardous, it is true, by reason of the judgment entered, but it is an appropriate remedy, and one which, through no mistake of facts or misconception of her rights, she breached her contract to invoke.

It is contended that respondent by his contract bound himself to the single defense of full payment.  The answer is that appellant, by renouncing her claims under the contract in electing to pursue her remedy in the divorce proceeding, released respondent from all of his covenants.

Judgment affirmed.

SANDERS, J., did not participate.

ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.