[L. A. No. 8946. Department Two.—April 3, 1928.]

JANE AUCKLAND, Appellant, v. CLARENCE B. CONLIN et al., Respondents.

R. A. Newell and Todd, Pawson & Watkins for Appellant.

E. R. Simon and C. B. Conlin for Respondents.

LANGDON, J.—This is an appeal by plaintiff from a judgment against her after separate demurrers of the defendants had been sustained to her third amended complaint.

The third amended complaint alleges, in substance, that the defendants are father and son; that at all times mentioned in the complaint the father was a doctor and the son was a lawyer; that the father was the physician of plaintiff, and in November, 1921, while said physician was rendering professional services to plaintiff and after plaintiff had

stated that she wished to consult an attorney about her domestic affairs, said defendant suggested that she consult his son, the other defendant herein, and that plaintiff permitted said son and attorney to call upon her; that prior to June 22, 1923, defendant attorney claimed to have rendered professional services under an oral agreement with plaintiff, for which he charged and collected the amount of $22,250. It is then alleged that the father secured the employment of the son by false and fraudulent representations to the effect that plaintiff would lose her property unless she employed said son. Plaintiff alleges that part of the $22,250 received by the son in payment of his alleged services has been delivered to the father; that the son represented to plaintiff that his services had been the means of securing to her the sum of approximately $100,599.15, which she would not have received without said services, and that said statement was false and untrue and known to have been untrue by said defendant. It is further alleged that, relying upon said statements of said defendant, that he had secured $100,-599.15 for plaintiff herein, plaintiff allowed said defendant to retain the said sum of $22,250, and that subsequent to the first day of April, 1922, plaintiff discovered that said defendant had not secured for her the sum of $100,599.15, and further discovered, that the services of said defendant were not of the reasonable value of $22,250, and were of no value at all to plaintiff. The complaint then proceeds, in a rambling way, to set out various particulars in which the defendant attorney is alleged to have improperly performed his duty to plaintiff in the management of her legal affairs, and alleges that plaintiff was never in danger of losing her property and that the representations made to the effect that defendant attorney had secured $100,599.15 for plaintiff were made for the purpose of securing to said defendant attorney his said fee.

For a second cause of action it is alleged that the defendants became indebted to plaintiff in the sum of $22,250 for and on account of money had and received by defendants and each of them, to the use of and for the benefit of the plaintiff, etc.

It requires no extended argument to demonstrate that the first cause of action contains much that is irrelevant and immaterial as the basis of any cause of action against the

defendant father. Said defendant certainly should not be held liable for recommending his son, a licensed attorney, at a time when the plaintiff was seeking to employ one of that profession. Neither can he be charged with an error in the statement of the opinion that the plaintiff would lose her property if she did not have legal counsel. It may be said, also, that the first cause of action might properly be held subject to the attack made upon it by the defendant son, but it is questionable whether such attack would justify the order of the court sustaining a demurrer *without leave to amend*. It is clear, however, that the second cause of action is sufficient as against the demurrers interposed thereto.

This form of pleading, a common count, by long continued practice is not subject to attack by general demurrer or by a special demurrer for uncertainty. (*Pike* v. *Zadig*, 171 Cal. 273 [152 Pac. 923].) The allegations of the second count are therefore sufficient to require the defendants to answer. The fact that certain preliminary allegations of the first cause of action are incorporated in the second count by reference would not, we think, expose the common count to a successful attack by the demurrers here interposed.

The judgment is reversed with directions to the trial court to overrule the demurrer of each defendant to the second cause of action.

Richards, J., and Shenk, J., concurred.