[Civ. No. 17169.   First Dist., Div. One.   Mar. 18, 1957.]

PATTI MORA ANDERSON, Appellant, v. J. O. HANDLEY, Respondent.

Charles Reagh for Appellant.

Thompson & Thompson for Respondent.

AGEE, J. pro tem.*—Plaintiff appeals from a judgment entered in favor of defendant after the sustaining of a general demurrer to the complaint and plaintiff's declination to amend. The sole question is whether the complaint states a cause of action.

It alleges as follows: that plaintiff owned a parcel of unimproved land in Monterey County of a value of $15,000; that she desired to build a residence thereon and to that end had commenced to negotiate with one Lewis, a building contractor; that she intended to do without the aid of an architect and therefore it was of the utmost importance to her that she select a competent, reliable and honest building contractor to do the work; that she explained all of the foregoing to defendant and requested him to advise her of the competency, reliability and honesty of Lewis; that defendant stated in response that Lewis was a completely honest, competent and reliable building contractor; that defendant so stated with the intent that plaintiff would rely thereon and in order to induce her to employ and contract with Lewis as such building contractor to do said work; that when defendant made said statements he well knew that Lewis was not a competent or reliable or honest building contractor but was on the contrary completely incompetent, dishonest and unreliable; that for many years defendant had been engaged in the area in the business of selling building materials and was well acquainted with Lewis and well knew that Lewis overly indulged in the use of alcohol and by reason thereof had become utterly incompetent and thoroughly unreliable as a building contractor and was deeply in debt to defendant and many others and was not financially able to undertake the building of said residence; that plaintiff believed in, relied on, and trusted said statements made to her by defendant and in such belief, trust and reliance entered into a written contract with Lewis for the building of said residence; that thereafter and by reason of the said incompetency and dishonesty of Lewis, the residence was not constructed as required by the contract and plaintiff was thereby damaged. (The items of damages are set forth in great detail but are not pertinent on this appeal.)

*Assigned by Chairman of Judicial Council.

█ The essential elements in this action for damages for false representations are as follows: 1. false representations made by defendant; 2. knowledge by defendant of their falsity; 3. intent by defendant to induce plaintiff to act thereon; 4. belief by plaintiff in the truth of such representations; 5. reliance thereon by plaintiff; 6. damage to plaintiff resulting therefrom. (See 23 Cal.Jur.2d 164.) All of these elements were alleged in the complaint.

█ Defendant contends, however, that plaintiff is required to allege specifically that, had it not been for the false representations, she would not have entered into the contract with Lewis. In support of this contention, defendant cites section 1568 of the Civil Code to the effect that consent (to enter into a contract) is only deemed to be induced by fraud when it would not have been given had such fraud not existed. It is true that plaintiff did not make such an allegation in those words. However, pleadings must be liberally construed, with a view to doing substantial justice. (Code Civ. Proc., § 452.)

Plaintiff's complaint pleaded reliance upon the alleged fraudulent representations as follows: ''Plaintiff believed in, relied on and trusted such representations so made to her by defendant and *in* such belief, trust and reliance she entered into a contract with said LEW E. LEWIS for the construction of such a dwelling on said lands.'' (Emphasis added.) The word ''in'' was considered in *Beatty* v. *Hughes*, 61 Cal.App.2d 489 [143 P.2d 110], in construing the meaning of a statute requiring a county recorder to record ''in a fair hand, or typewriting.'' The recorder wished to photograph documents instead. The appellate court held that the preposition ''in'' in this context had the meaning of ''by means of; with; by; through,'' quoting (p. 493) from the Century Dictionary and held that the recording had to be done through handwriting or typewriting. In the instant case, if the allegation had been that ''*through* such belief, trust and reliance'' plaintiff had entered into the contract, there could not be any question that plaintiff had alleged that a substantial reason or motivating factor which induced her to enter into the contract was the false representations of defendant. █ It is not necessary that such representations be the *sole* factor. ''In actions for fraud it is not required that a defendant's representations be the sole cause of the damage. If they are a substantial factor in inducing the plaintiff to act, even though he also relies in part upon the advice of others,

reliance is sufficiently shown." (*Wennerholm* v. *Stanford University Sch. of Med.*, 20 Cal.2d 713, 717 [128 P.2d 522, 141 A.L.R. 1358].)

We are of the opinion that the complaint sufficiently pleads reliance as against a general demurrer.

▮ Defendant also raises the point that a mere expression of opinion as to the character or skill of another is not actionable. This is indeed the general rule but to this there is a well-recognized exception. Where such expression of opinion is dishonestly made to one who is entitled to rely upon it, the one giving the opinion is liable for such fraud provided the other elements of fraud are present. In *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561 [126 P. 351, 42 L.R.A.N.S. 125], the false representation was made that defendant Woodruff was an architect and designer of great skill and experience. The Supreme Court held that such an expression of opinion can become actionable when it is made dishonestly and with knowledge on the part of the one making it of its falsity.

Defendant relies heavily upon *Auckland* v. *Conlin*, 203 Cal. 776 [265 P. 946]. In that case plaintiff attempted to plead a cause of action for fraudulent representations against her physician and his son, an attorney. Her complaint alleged that she had told the physician that she wished to consult an attorney and that he had suggested his son; that the physician stated to plaintiff that she would lose her property unless she employed his son; that she did employ his son and ultimately paid him $22,250 for legal services; that in fact she was never in danger of losing her property and that the son's services were of no value; that the physician got part of the fee which his son had charged her; that by reason of the premises she was entitled to recover judgment against both the physician and his son for the amount of said legal fee. A demurrer to this count was sustained and the ruling was upheld on appeal. This case is readily distinguishable. First, there was no allegation that the defendant physician acted fraudulently or dishonestly in recommending his son. As the Supreme Court said, at page 778: "Said defendant certainly should not be held liable for recommending his son, a licensed attorney, at a time when the plaintiff was seeking to employ one of that profession." Second, as to the alleged statement that plaintiff would lose her property if she did not get an attorney, there is no allegation or showing that the physician claimed or had any

special knowledge, legal or otherwise, which would entitle plaintiff to rely upon any such statement of opinion.

We hold that the complaint states a cause of action and that defendant should be required to answer. The judgment is therefore reversed.

Peters, P. J., and Bray, J., concurred.