THE FRIENDLY IRISHMAN, Inc., a Nevada Corporation, Appellant, v. BETH RONNOW, Respondent.

No. 4075

October 14, 1958.                    330 P.2d 497.

*Zenoff & Magleby,* of Las Vegas, for Appellant.

*Harry E. Claiborne,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This appeal is taken by the defendant below from judgment rescinding a contract for the purchase of an automobile. Appellant contends that grounds for rescission have not been established and that any right to rescind was waived.

Appellant, defendant below, was a used-car dealer operating in Las Vegas. Plaintiff purchased a car on April 16, 1956, paying $400 down and contracting for monthly payments of $93.23 upon the balance due. She had made clear to defendant that she wished a new car and not a used car. Defendant had represented to her that the car sold was a new car.

Plaintiff later discovered that the frame of the car was sprung. She returned it to defendant, demanding a new car. Defendant offered to repair the car, but refused to comply with plaintiff's demand, still insisting that the car was new when sold to plaintiff. Plaintiff kept the car until June 1956, making two payments according to the terms of the contract. She then returned the car and

this suit for rescission was brought June 26, 1956. In her complaint she alleged that defendant had fraudulently misrepresented that the car was new, and that she had entered into the contract in reliance upon said representation.

At the time of trial defendant's president under cross-examination admitted that when the contract of sale was financed by him he had placed upon the contract without plaintiff's knowledge, the letters "NN" which notation, to those in the automobile business, signifies that the car is "near new."

Judgment of the court below granted rescission of the contract and granted the plaintiff restitution in the sum of $586.40, which was the amount of the down payment plus the two monthly payments made upon the contract. From that judgment this appeal is taken.

The definition of "near new," as that term is used in the automobile business, does not appear. In the absence of any explanation, however, it must be assumed that it is used to specify an automobile which cannot properly be classed as new. Under the conceded facts, then, it can hardly be questioned that defendant's representations to plaintiff that the car was new were made with knowledge that they were false, and with the intent to deceive plaintiff. Such intentional misrepresentation of material facts in a contract, resulting in the intended deception, constitutes actual fraud, which is a proper ground for rescission of the contract. See Williston on Contracts (Rev. Ed.), Vol. 5, p. 4153, sec. 1487; Restatement of the Law, Contracts, Vol. 2, p. 891, ch. 15, sec. 471.

Defendant asserts that the written contract contained no warranty that the car was new, and by its terms negatived the existence of any warranty not there expressed. Defendant contends that evidence of its representations that the car was new was received in violation of the parol evidence rule.

That evidence demonstrated fraud in the procurement of the instrument and served to defeat the instrument

and not to vary its terms. The parol evidence rule, then, does not apply. See Tallman v. First National Bank, 66 Nev. 248, 208 P.2d 302; accord, Western National Insurance Co. v. Trent, 69 Nev. 239, 247 P.2d 208.

Defendant contends that plaintiff's proper remedy is for breach of warranty and not for rescission; that in offering to repair, defendant had offered to do all required of it under a new car warranty.

The existence of fraud gives to the plaintiff the right to rescission and she is not therefore limited to damages for breach of warranty.

Defendant contends that the payments upon the contract made by plaintiff constituted an election by her to proceed with the contract and a waiver of her right to rescind.

An essential requirement of either a waiver or election is knowledge of the material facts by the party waiving or electing. See Santino v. Glens Falls Ins. Co., 54 Nev. 127, 139, 9 P.2d 1000; Robertson v. Robertson, 43 Nev. 50, 59, 180 P. 122, 124, 187 P. 929. Since rescission is sought upon the ground of fraud, knowledge of the material facts constituting the fraud must appear if the payments are to be held to constitute waiver or election.

The payments made by plaintiff were, it is true, made with knowledge that the car was defective. They were not made, however, with the knowledge that the car, when sold, was not new and that the representations of defendant in this respect were knowingly false. Rather, they were made in the light of defendant's continuing insistence that the car, when sold, was new. The payments cannot, then, be said to constitute a waiver or election which would preclude a rescission based upon defendant's misrepresentations.

Affirmed.

BADT, C. J., and EATHER, J., concur.