PACIFIC MAXON, INC., A CALIFORNIA CORPORATION, EDWARD MAXWELL AND BETTY MAXWELL, APPELLANTS, v. GINA WILSON, AKA REINA FUCHIGAMA, RESPONDENT.

No. 11879

December 3, 1980                    619 P.2d 816

*Chubb & Silverman,* and *Guild, Hagen & Clark, Ltd.,* Reno, for Appellants.

*Bissett & Logar,* Reno, for Respondent.

---

## OPINION

By the Court, BATJER, J.:

The district court, after a bench trial, entered judgment for the defendant on a claim for damages and rescission, on the

ground of fraudulent misrepresentation, of a contract for the sale of a bordello.

The evidence presented at trial showed that respondent Wilson was interested in selling the brothel she owned, "Gina's Salt Wells Villa", located in Churchill County, Nevada. As part of the information she furnished her broker, she included a copy of an appraisal report, prepared by a member of the American Institute of Real Estate Appraisers, which she had altered. The original appraisal report placed an estimated value of $195,000 on the property; Wilson altered this figure to over $405,000. The report was supplied to appellant Edward Maxwell by his attorney, who had obtained it from Wilson's broker along with the information that Wilson was offering the brothel for sale for $400,000.

After observing the business carried on at the brothel and reviewing some records of the business, appellants purchased the brothel for $400,000. When appellants learned of the difference between the original appraisal and the altered copy which respondent had supplied them, they sued to rescind the contract and sought damages for fraud. The district court ruled that reliance upon the appraisal had not been established and that reliance would in any event have been unjustified. It rendered judgment for respondent accordingly, and this appeal followed.

Although concluding that reliance upon the misrepresentation in the appraisal (both as to the value of the property and as to the source of the report being a qualified and disinterested appraiser) had not been established, the district court made a factual finding that there had been some reliance by Edward Maxwell on the report. Total reliance upon a misrepresentation is not required to entitle a party to rescission. It is enough that the misrepresentation is part of the inducement to enter into the transaction. Fishback v. Miller, 15 Nev. 428 (1880); Anderson v. Handley, 308 P.2d 368 (Cal.App. 1957); *see also* Freeman v. Soukup, 70 Nev. 198, 265 P.2d 207 (1953). The district court's conclusion that there had been no actual reliance is thus not supported by substantial evidence, in view of its factual finding (with evidence in the record to support it) that appellants had relied in part on the misrepresentation.

Assuming, then, that there was at least some reliance by appellants upon the misrepresentation in the altered appraisal report, we must consider whether the district court erred in concluding that appellants were not entitled to relief because

their reliance was unjustified. Lack of justifiable reliance bars recovery in an action at law for damages for the tort of deceit. Lubbe v. Barba, 91 Nev. 596, 540 P.2d 115 (1975); Clark Sanitation v. Sun Valley Disposal, 87 Nev. 338, 487 P.2d 337 (1971). As to appellants' claim for damages in tort for fraud, judgment was properly entered for respondent.

A suit in equity for rescission of a contract, however, does not necessarily fail because the party seeking rescission was unreasonable in relying upon the misrepresentation made by the other party. Even negligence on the part of the party seeking rescission will not bar equitable relief when the misrepresentation was made intentionally by the other party. Van Meter v. Bent Construction Company, 297 P.2d 644 (Cal. 1956); Seeger v. Odell, 115 P.2d 977 (Cal. 1941). A party who has made a false representation knowingly and with the intention that the other party be deceived by it should not be allowed to profit from the credulity or negligence of the party upon whom it had its intended effect. *See* Bilotti v. Accurate Forming Corp., 188 A.2d 24 (N.J. 1963) (tort of deceit).[1] Here, the focus of the inquiry is whether the party seeking rescission was deceived in fact by the misrepresentation which the other party made knowingly and with the intention that it be relied upon. *See* Prudential Insurance Company of America v. Anaya, 428 P.2d 640 (N.M. 1967); Halsell v. First Nat. Bank, 159 P. 489 (Okla. 1915).

Cases cited by both parties to the effect that justifiable reliance must be established in order to state a claim for relief are inapposite. The cited cases deal with actions in tort for damages. Lubbe v. Barba, *supra;* Village Development Co. v. Filice, 90 Nev. 305, 526 P.2d 83 (1974); Clark Sanitation v. Sun Valley Disposal, *supra;* Miller v. Lewis, 80 Nev. 402, 395 P.2d 386 (1964). They are therefore not controlling when a party

---

[1]Since the district court in this case found that the misrepresentation was made by respondent with knowledge of its falsity and with the intent to mislead prospective buyers, we need not decide in this case whether equitable relief would be barred when the misrepresentation is made recklessly, negligently, or innocently. *See* Halpert v. Rosenthal, 267 A.2d 730 (R.I. 1970); Seeger v. Odell, *supra*. We also express no opinion on the question of whether a degree of unreasonableness greater than simple negligence on the part of the party seeking rescission would bar even that relief. *See* Van Meter v. Bent Construction Company, *supra;* United Ben. Fire Ins. Co. v. First Nat. Bank of Ariz., 405 P.2d 488 (Ariz.App. 1965) (tort). Similarly, our ruling here does not alter in any way present standards relevant to tort actions for deceit.

asserts misrepresentation as grounds for rescission of a contract. In this context, actual fraud, that is, an intentional false representation which is relied upon in fact, is all that is required. *See* Havas v. Alger, 85 Nev. 627, 461 P.2d 857 (1969); Friendly Irishman v. Ronnow, 74 Nev. 316, 330 P.2d 497 (1958); *see also* Banta v. Savage, 12 Nev. 151 (1877). Thus a finding of fraud sufficient to support a tort action for deceit will always satisfy the standard of fraud for rescission of a contract if the other predicates for equitable relief are met, *see* Sanguinetti v. Strecker, 94 Nev. 200, 577 P.2d 404 (1978), but the converse is not true.

Appellants also contend, relying upon Fishback v. Miller, *supra,* that the party against whom fraud is asserted, here respondent Wilson, has the burden of proving lack of reliance. We interpret the cited language in *Fishback*[2] as merely a statement of the normal shifting of the burden of proof when the party seeking relief has established a *prima facie* claim for relief. In an action for rescission, once the plaintiff has established that a representation is false, and that it was material to the transaction, that is, that it was actually relied upon, *see* Westchester Fire Ins. Co. v. English, 543 S.W.2d 407 (Tex.Civ. 1976), the burden shifts to the other party to negate some element of the *prima facie* case.

The district court erred in requiring that justifiable reliance be shown to make out a claim for rescission of the contract of sale in this case. We therefore reverse the judgment of the district court with respect to appellants' claim for rescission and remand the case for further proceedings not inconsistent with this opinion.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

[2]"[W]hen representations made by the seller in a case like this are shown to be material and false, the burden is upon him to show that they were not relied upon by the buyer, and that the purchase would have been made without the representations." 15 Nev. at 443 (citation omitted).