
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANE A. SIEFERS, an individual; DAVID SIEFERS, as guardian ad litem of Riley E. Siefers, a minor; RILEY E. SIEFERS, a minor, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> PACIFICARE LIFE ASSURANCE COMPANY, a California corporation, <br><br> Defendant - Appellee. | No. 11-15524 <br><br> D.C. No. 2:08-cv-00269-PMP-PAL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted December 7, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lane Siefers (Lane) and family members (the Siefers) appeal the district court's grant of summary judgment in favor of PacifiCare Life Assurance Company (PacifiCare), in an action arising from PacifiCare's rescission of a health insurance policy covering Lane's daughter, Riley Siefers (Riley). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. In Nevada, even after an insurance company accepts an insurance application and premium payment from an individual, the company does not grant temporary coverage unless the company also gives the individual a conditional receipt. *Prudential Ins. Co. of Am. v. Lamme*, 425 P.2d 346, 346–47 (Nev. 1967). This record does not indicate that a conditional receipt was issued here. Furthermore, the health insurance application's terms and conditions precluded any reasonable belief that the application, alone or in tandem with a premium payment, would provide temporary coverage for Riley.

2. Nevada courts apply contract rules of interpretation to insurance policies. *See, e.g.*, *Fed. Ins. Co. v. Am. Hardware Mut. Ins. Co.*, 184 P.3d 390, 393 (Nev. 2008). Evidence that serves to defeat a contract, and not to vary its terms, may be considered by a court even if the evidence was not part of the contract when the contract was created. *See, e.g.*, *Friendly Irishman, Inc. v. Ronnow*, 330 P.2d 497, 498–99 (Nev. 1958) (finding that parol evidence rule did not apply to exclude

2

evidence that "demonstrated fraud in the procurement of the [car sale] instrument and served to defeat the instrument and not to vary its terms").

Here, PacifiCare did not seek to admit evidence of Lane's alleged misrepresentations (made during a phone call as part of the health insurance application process) to be considered as part of the application or to vary the application's terms. Rather, the evidence served to defeat the contract, by demonstrating there were misrepresentations in the procurement of the policy warranting PacifiCare's rescission of the policy.

3.  To prevent recovery under an insurance policy, Nevada law requires establishing any one of the following three allegations: (A) an intent to defraud; or (B) a material misrepresentation; or (C) a misrepresentation where the insurer in good faith would not have issued the policy (not alleged here).  Nev. Rev. Stat. § 687B.110.[1]

---

[1]  Nevada case law indicates that, in the insurance context, a principal may be held liable for the misrepresentations of its agent. *See Schneider v. Cont'l Assurance Co.*, 885 P.2d 572, 573–74 (Nev. 1994) (per curiam) (reasoning that an insurance company could potentially be estopped from denying an individual coverage, because of the alleged misrepresentation made by the insurance company's agent).  Here, Lane acted as Riley's agent when she completed the application, signed the application as Riley's legal guardian, and participated in a phone call as part of the health insurance application process.  Thus, Riley's insurance policy could be rescinded because of Lane's misrepresentations.

A.  As noted above, Nevada law does not require that PacifiCare establish that Lane acted with an intent to defraud.  Similarly, the PacifiCare policy requirement, that the insured "knowingly provide[] the Company with fraudulent information" that is material, does not require that PacifiCare establish an intent to defraud.  Nevada case law indicates that a "knowingly" requirement is distinct from an intent to deceive or defraud requirement.  *See, e.g.*, *Pac. Maxon, Inc. v. Wilson*, 619 P.2d 816, 818 (Nev. 1980) ("A party who has made a false representation knowingly *and* with the intention that the other party be deceived by it should not be allowed to profit from the credulity or negligence of the party upon whom it had its intended effect." (emphasis added)).  Inserting an intent to defraud requirement into the policy would run counter to Nevada law, because it would impermissibly rewrite an unambiguous contract provision that only contains a "knowingly" requirement.  *See United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1156–57 (Nev. 2004).

B.  It is normally a question of fact for the jury as to whether misrepresentations made by an insured to an insurance company are material.  "[O]nly where reasonable minds cannot differ may the issue be resolved as a matter of law."  *Powers v. United Servs. Auto. Ass'n*, 979 P.2d 1286, 1289 (Nev. 1999) (per curiam).

4

Here, the Siefers did not offer any evidence that the alleged misrepresentations were not material to the risk assumed by PacifiCare. Additionally, the Siefers did not offer any evidence showing PacifiCare improperly treated Lane's statements in the health insurance application as warranties, or that Nevada law required PacifiCare to offer evidence of its underwriting practices to establish materiality. To establish materiality, PacifiCare offered a sworn affidavit showing the misrepresentations were material. Viewing this evidence in the light most favorable to the Siefers, reasonable minds could not differ on whether the misrepresentations were material. As a matter of law, Lane's misrepresentations were material to the risk assumed by PacifiCare.

4. Finally, the district court properly granted summary judgment in favor of PacifiCare on the (A) bad faith and (B) breach of statutory duty claims.

A. In Nevada, "[t]o establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998), *modified on denial of reh'g*, 979 P.2d 1286 (Nev. 1999) (per curiam). Here, the Siefers did not provide any evidence that would establish that PacifiCare lacked a reasonable basis for

5

disputing coverage. Rather, the Siefers only offered conclusory statements that PacifiCare had acted in bad faith.

B. Nevada law proscribes a series of activities as unfair insurance practices. Nev. Rev. Stat. § 686A.310(1). Here, the Siefers did not make a showing sufficient to establish the existence of any unfair practices. Rather, the Siefers contended that PacifiCare engaged in unfair practices, without providing any evidence in support for that argument.

**AFFIRMED.**