An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TODD BUTWINICK, AN INDIVIDUAL; AND NEVADA FURNITURE INCORPORATED, A NEVADA CORPORATION,
Appellants,
vs.
CHARLES HEPNER, AN INDIVIDUAL; TRACY HEPNER, AN INDIVIDUAL; AND NEVADA FURNITURE IDEA, INC., A NEVADA CORPORATION,
Respondents.

No. 56303

FILED

JUL 30 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING*

This is an appeal from a district court judgment in a contract and tort case. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Following a bench trial, the district court held that respondents had shown by clear and convincing evidence that appellants were liable for fraudulent inducement, intentional misrepresentation, negligent misrepresentation, and fraud. On the basis of fraudulent inducement, the district court rescinded the contract of sale and ordered appellants to pay restitution to respondents to reimburse the funds that respondents paid under the contract and in operating the business. The district court found a special relationship between the parties, on the basis of appellants' role in the transaction as both seller and lender, and held that this relationship rendered respondents' reliance on appellants'

14-24802

representations justifiable. The district court did not order respondents to restore any of the consideration received from appellants.

On appeal, appellants argue that the district court abused its discretion by (1) concluding that the fraud claims were supported by clear and convincing evidence, (2) finding that rescission was timely sought, (3) ordering restoration without requiring the respondents to restore the benefits that they received under the agreement, and (4) finding that there was a special relationship between the parties. Each of appellant's contentions of reversible error are discussed below.

*Fraudulent inducement*

To establish a cause of action for fraud in the inducement, plaintiff must establish by clear and convincing evidence that (1) defendant made a false representation, (2) defendant had knowledge of the falsity of the representation, (3) defendant intended to induce plaintiff to rely on the representation, (4) plaintiff justifiably relied on the representation, and (5) plaintiff suffered damages as a result of this reliance. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290, 89 P.3d 1009, 1018 (2004). When a party asserts fraud as a grounds for rescission, however, reliance in fact—and not justifiable reliance—is all that is required. *Pac. Maxon, Inc. v. Wilson*, 96 Nev. 867, 870-71, 619 P.2d 816, 818 (1980). This court reviews a district court's rescission on the basis of fraudulent inducement for an abuse of discretion and the district court's factual findings for support by substantial evidence. *Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 622, 173 P.3d 707, 713 (2007).

In this case, the district court was within its discretion in holding that appellants fraudulently induced respondents into executing the agreement for the sale of the stores because substantial evidence supports the findings underlying its holdings. It is uncontested that appellants owned the Centennial store. Both individual respondents testified that appellants represented that the Centennial store was owned by Norwalk Corporate and that they would not have completed the transaction had they known that appellants owned the Centennial store. Giving credence to respondents' testimony, *see Castle v. Simmons,* 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004), substantial evidence supports the district court's finding that appellants misrepresented the Centennial store's ownership, that appellants knew this representation was false, that respondents actually relied on this misrepresentation, and that damages resulted to the extent that the transaction ultimately led to financial loss. Thus, we conclude that the district court did not abuse its discretion in holding appellants liable for fraudulent inducement. Accordingly, we affirm that portion of the district court's order as to its fraudulent inducement holding.[1]

*Timeliness of seeking rescission*

Although the district court properly found that respondents proved fraudulent inducement to support rescission of the parties' agreement, rescission is an appropriate remedy only when a party seeks to

---

[1]As the district court's holding of fraudulent inducement is well-founded, we need not address the intentional misrepresentation, negligent misrepresentation, or fraud holdings.

rescind a contract within a reasonable time. *Mackintosh v. Cal. Fed. Sav. & Loan Ass'n*, 113 Nev. 393, 403, 935 P.2d 1154, 1161 (1997). The trier of fact determines what constitutes a reasonable time, and this court reviews its determination for substantial evidence. *Id.* Delay alone does not necessarily waive the right to rescind, *id.*, although rescission must be sought promptly after discovering the facts that entitle the defrauded party to rescind. *See Gannett Co., Inc. v. Register Publ'g Co.*, 428 F. Supp. 818, 824 (D. Conn. 1977). The right may be lost, however, when the delay substantially prejudices the other party. *See Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998).

Although both sides briefed this issue during the litigation process, the district court did not enter a finding on the reasonable timeliness of respondents' seeking rescission. This court may imply findings when the evidence clearly supports the judgment and the district court has not made express findings. *Iama Corp. v. Wham*, 99 Nev. 730, 734, 669 P.2d 1076, 1078 (1983). If the record does not clearly support the judgment, however, this court will not imply findings and will remand the case for the district court to enter findings of fact. *Commercial Cabinet Co., Inc. v. Mort Wallin of Lake Tahoe, Inc.*, 103 Nev. 238, 240, 737 P.2d 515, 517 (1987).

The record here does not provide decisive support for finding that rescission was timely sought. Respondents acknowledged that they became aware of facts giving rise to their fraud claims in November or December 2007, but did not seek rescission in their original February 2008 complaint and instead sought rescission in their May 30, 2008, amended complaint, by which time the value of the stores had substantially eroded.

Consequently, this court will not imply a finding on this point. Thus, we vacate the portion of the district court order rescinding and awarding restitution, made as a result of the rescission, and we remand the matter to the district court for proceedings on whether rescission was sought within a reasonable time. *See id.* (remanding the matter when the record did not clearly support the judgment).

*Restitution*

Although we remand to the district court for a determination of whether rescission was timely sought, we further point out that rescission generally requires restoring both parties to the status quo. *Mackintosh*, 113 Nev. at 407, 935 P.2d at 1163; *but see Graber v. Comstock Bank*, 111 Nev. 1421, 1429, 905 P.2d 1112, 1116-17 (1995) (providing that, when the fault of the defendant constitutes the basis for the rescission, the general rule that rescission requires full restoration does not apply, and it is appropriate that the defendant bear the loss in the transaction); *Collins v. Burns*, 103 Nev. 394, 398-99, 741 P.2d 819, 822 (1987) (noting that the defrauded party may recover out-of-pocket losses to cover the difference between the amount paid and the amount received).

Here, as necessary to restore respondents to their status quo, the district court properly ordered appellants to repay respondents' down payment, subsequent payments made pursuant to the contract, and reasonable operating business expenses. *Mackintosh*, 113 Nev. at 407, 935 P.2d at 1163. By declining to require respondents to restore the benefits that they received under the contract, however, the district court erroneously failed to effect restitution. *See id.* It is uncontested that appellants provided value to respondents, although the assets conferred

and their values are contested. The district court should have determined the value that respondents received, taking into account the decrease in value attributable to appellants' fraud, and incorporated that in determining the restoration due to appellants.[2] *Id.* Thus, if the district court finds on remand that rescission was sought within a reasonable time, it should recalculate the restitutionary award in a manner that restores both parties to the status quo, to the extent possible, consistent with *Mackintosh*.

---

[2]Appellants argue that the district court erred in reasoning that, as an alternative to ordering respondents to restore the value that appellants conferred in the transaction, the court would otherwise identify and award additional damages suffered by respondents as a result of appellants' other torts. We agree with appellants that the district court's reasoning fails because the other torts are related to the same transaction and are not severable, such that damages in addition to rescission would constitute double recovery. In particular, the transactions regarding the accounts payable, open sales orders, and the noncompete agreement constituted part of the same transaction as the asset purchase agreement—which the district court rescinded for fraudulent inducement—and were not severable from it. *See Sprouse v. Wentz*, 105 Nev. 597, 605, 781 P.2d 1136, 1140-41 (1989) (holding that whether a contract is severable is a question of law and concluding that damages may not be ordered on part of a contract that cannot be severed from the rescinded contract). Moreover, the district court found, and substantial evidence supports, respondents' lack of due diligence in entering into the asset purchase agreement, which precludes recovery of damages. *Pac. Maxon*, 96 Nev. at 870-71, 619 P.2d at 818 (noting that actual and justifiable reliance are required to recover damages for fraud-based claims).

*Special relationship*

Finally, appellants challenge the district court's conclusion that the parties had a special relationship on the basis of appellants acting as both the seller and lender in this transaction. For the court to find that a special relationship was present, respondents were required to show (1) that they placed confidence in appellants because of appellants' position and (2) that appellants knew or should have known of that confidence. *Mackintosh*, 113 Nev. at 401-02, 935 P.2d at 1159-60 (finding a presumption of a special relationship when a seller also acts as a lender in a transaction, yet noting that the totality of facts must be considered in reaching the factual determination whether a special relationship exists). Appellants, however, only became lenders in this transaction shortly before the transaction closed, after the terms of sale had been negotiated and agreed to, and after respondents had given credence to appellants' related misrepresentations. Respondents could not have placed a heightened degree of trust in appellants' representations on the basis of seller-lender status before that status came into being. Thus, we conclude that the district court's finding on this issue was not supported by substantial evidence and we vacate that portion of the district court's order concluding that a special relationship was present.[3]

---

[3]The district court's conclusion that the inadequacy of respondents' due diligence would preclude recovery on misrepresentation absent a special relationship is incorrect as to rescission because respondents relied in fact on appellants' misrepresentations. *Pac. Maxon*, 96 Nev. at 870-71, 619 P.2d at 818. Although this error in finding a special relationship would be harmless as to an award of rescission if on remand the district court determines that rescission was timely sought, we vacate to ensure
*continued on next page...*

For the reasons discussed above,

we ORDER the judgment of the district court AFFIRMED IN PART as to the district court's fraudulent inducement holding, VACATED IN PART as to the order of rescission and award of restitution, AND REMANDED for proceedings as to whether rescission was sought within a reasonable time and, if so, recalculating the award of restitution.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Elizabeth Goff Gonzales, District Judge
Howard Roitman, Settlement Judge
Woodbury, Morris & Brown, d/b/a Woodbury Law
Marquis Aurbach Coffing
Eighth District Court Clerk

_____

*...continued*
that this erroneous finding does not affect subsequent proceedings on remand.

SUPREME COURT
OF
NEVADA

(O) 1947A